IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA MULLEN, individually and on )
behalf of others similarly situated, )
)
            Plaintiff, )
)
  vs. )       Case No. 18 C 1465
)
GLV, INC., RICKY BUTLER, )
and CHERYL BUTLER, )
)
            Defendants. )

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Laura Mullen has filed suit on behalf of a putative class, asserting claims of fraud and under various state statutes. The case is filed in federal court based on the Class Action Fairness Act, which requires one member of the putative class to be a citizen of a state different from the defendants (who are all Illinois citizens) and the amount in controversy to exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The defendants, GLV, Inc., Ricky Butler, and Cheryl Butler, have moved to dismiss Mullen's complaint for failure to state a claim.

Mullen's claims involve the Sports Performance Volleyball Club, which the defendants operate. Mullen alleges that Sports Performance "is one of the most powerful youth sports clubs in the country" and that Ricky Butler (Butler), who along with his wife Cheryl Butler runs the club, "has the ability to place the teenage girls he coaches at top college volleyball programs in the Midwest and around the country, and ultimately given them opportunities to pursue the sport beyond college." Compl. ¶ 1.

Mullen is the parent of a former player at Sports Performance.

According to Mullen's complaint, over the years, Butler used his position to sexually abuse at least six underage teenage girls. The specifics are described in detail in Mullen's complaint. He has now been banned by USA Volleyball (the national governing body of volleyball in the U.S.) and the Amateur Athletic Union. *Id.* Mullen alleges that Butler, Cheryl Butler, and GLV have concealed Butler's abuses by pressuring his victims to remain silent, intimidating and attempting to discredit them, and by misrepresenting or failing to fully disclose his conduct. *Id.* ¶¶ 2, 3. Again, the specifics of this are described in detail in Mullen's complaint. Mullen says that had she (and other class members) known of Butler's actual history, they would not have paid Sports Performance or sent their daughters there. *Id.* ¶ 4.

Mullen asserts six claims in her complaint. Count 1 is a claim under the Illinois Physical Fitness Services Act (IPFSA), 815 ILCS 645/11; Mullen alleges that GLV operates a "physical fitness center" within the meaning of the statute and that it has engaged in unfair and deceptive acts and practices to induce customers to enter into contracts. These includes representations that Sports Performance has the "highest quality coaches"; that it provides a safe environment for underage girls to pay volleyball; and that it is superior to its competitors; as well as the failure to disclose Butler's history of sexual and other forms of abuse. Count 2 is also a claim under the IPFSA; Mullen alleges that defendants violated provisions of the statute requiring a written contract, a copy of which must be given to the customer, and requiring all contracts to have a term permitting the customer to cancel within three days after signing. Compl. ¶ 199a, b; *see* 815 ILCS 645/4, 6. Count 3 is a claim under the Illinois Consumer Fraud Act (ICFA),

which permits suits by consumers for injuries caused by unfair or deceptive acts and practices, 815 ILCS 505/10a; it is essentially parallel to Count 1. Count 4 is a common law fraud claim, and Count 5 is a common law fraudulent concealment claim; again, these claims are essentially parallel to Count 1. Count 6 is a claim of unjust enrichment.

Defendants have moved to dismiss all of Mullen's claims. They contend that Mullen has failed to plead her allegations of fraud with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and that, in any event, she has failed to allege plausible claims for fraud, fraudulent concealment, or deceptive practices under the IPFSA of the ICFA. Defendants also contend that Mullen has failed to allege plausible claims for relief under the IPFSA's contract provisions, for "unfair" practices under the ICFA, or for unjust enrichment. Defendants also argue that the injunctive relief Mullen requests—barring the Butlers from further involvement in GLV's youth volleyball programs and requiring the defendants to fully disclose Butler's abuse of underage girls—is inappropriate as a matter of law. Finally, defendants argue that Mullen has made admissions that preclude her from proceeding with *any* claim against the defendants.

When considering a motion to dismiss a complaint, the Court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and draws reasonable inferences in favor of the plaintiff. *See, e.g., Ancich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendants' motion also cites Federal Rules of Civil Procedure 8 and 9(b). "Under Rule 8, a plaintiff only needs to give enough details about the subject-matter of the case to present a story that holds together." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (internal quotation marks omitted). Under Rule 9(b), however, "a plaintiff alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake. A plaintiff ordinarily must describe the who, what, when, where, and how of the fraud—the first paragraph of any newspaper story." *Id.* (internal quotation marks and citation omitted). "[A] complaint that satisfies the heightened pleading standards of Rule 9(b) necessarily satisfies the pleading standards of Rule 12(b)(6)." *Id.* at 775 n.21.

**1.    Claims based on fraud, fraudulent concealment, and deceptive practices**

Defendants argue that plaintiffs have failed to allege facts sufficient to make out claims for fraudulent misrepresentation or fraudulent concealment and that they have failed to allege these claims with the required particularity. Assuming for purposes of discussion that the two really are separate claims, Illinois law requires a plaintiff to allege the following five elements to state a claim for fraud: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 591 (1996). To state a claim for fraudulent concealment, the plaintiff must additionally allege that the

4

defendant "concealed a material fact when he was under a duty to disclose that fact" to the plaintiff. *Id.* at 500, 675 N.E.2d at 593.

Defendants argue that the false statements cited by plaintiffs amount to non-actionable puffery and subjective statements about the quality of defendants' services. Though the Court doubts that every alleged false statement cited by Mullen is independently actionable, for purposes of the present motion Mullen's allegations that defendants represent that they provide a safe environment and extremely qualified coaches reasonably can be construed as actionable statements of fact. Mullen has adequately alleged these statements to be knowingly false—given what she alleges about Butler's background—and to have been made with the intent for customers and prospective customers to rely on them. The fact that Sports Performance has been successful ultimately may weigh in defendants' favor, but it does not defeat Mullen's claims as a matter of law as defendants contend; that would require the Court to read the complaint in the light most favorable to *defendants*, which is not the standard that applies. Finally, Mullen has more than satisfied the requirements of Rule 9(b) in describing how and when these statements have been made, who made them, and why they are false.

Defendants argue that any reliance by Mullen was not justifiable, because information regarding sexual abuse allegations involving Butler was available on the Internet, so she ought to have seen and considered these before agreeing to sign her daughter up for the club. But Mullen has alleged that she relied on defendants' deceptive conduct and was misled, and this is sufficient for present purposes. Reliance is not one of the types of allegations that Rule 9(b) requires to be pleaded with

5

particularity; the rule states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). That aside, as indicated, defendants' argument that Mullen's reliance is not justifiable is based on the proposition that all sorts of reporting regarding the allegations about Butler was available via the Internet or otherwise. The only way the Court could rule against Mullen based on this contention would be to rely on material outside the four corners of the complaint and to draw inferences from this material that are unfavorable to Mullen—both of which run contrary to the standards that govern motions under Rule 12(b)(6). In any event, this material largely contains denials by defendants of the accusations, meaning that the Court cannot say, as a matter of law, that they undermine a claim of justifiable reliance.

Defendants also argue that the deceptive statements could not possibly have caused Mullen's injury, because she says she enrolled her daughter for clinics at Sports Performance based on positive reviews and not based on defendants' alleged misstatements. But Mullen specifically alleges that she would not have paid defendants' fees had she been told the truth, and this is a sufficient allegation of reliance. Again, defendants' contentions may ultimately defeat Mullen's claim on the merits, but they do not render it implausible for purposes of a motion to dismiss for failure to state a claim.

Mullen's fraudulent concealment allegations are also sufficient. The Court overrules defendants' contention that Mullen has failed to adequately allege that defendants had a duty to disclose. Under Illinois law, a defendant may have a duty to speak if, among other things, it makes a statement while holding back facts that would show it is a half-truth, or when the defendant's silence is accompanied by deceptive

6

conduct.  *See, e.g., Newman v. Metro. Life Ins. Co.*, 885 F.2d 992, 1004 (7th Cir. 2018); *Miner v. Fashion Enters.*, 32 Ill. App. 3d 405, 421, 794 N.E.2d 904, 917 (2003). Mullen's allegations regarding defendants' statements about having the highest quality coaches and providing a safe environment suffice as allegations of misleading half-truths, and her allegations of active concealment, including an allegedly misleading manifesto posted by defendants denies the allegations about Butler and the defendants' alleged attempts to silence accusers, qualify for present purposes as deceptive conduct giving rise to a duty to speak.  In addition, these allegations clearly meet the requirements of Rule 9(b).

For these reasons, Counts 4 (fraud) and 5 (fraudulent concealment) each state a claim upon which relief may be granted.  And for the same reasons, Mullen's other deception-based claims—Counts 1 (IPFSA) and 3 (ICFA)—each state a claim.[1]

**2.     IPFSA contract claim**

In Count 2, as described earlier, Mullen alleges that defendants violated provisions of the IPFSA requiring a written contract, a copy of which must be given to the customer, and requiring all contracts to have a term permitting the customer to cancel within three days after signing.  *See* 815 ILCS 645/4, 6.  Defendants argue that Mullen has failed to attach a contract to her complaint, but that would be a bit odd, seeing as how she contends defendants violated a provision of IPFSA requiring a copy of a contract with a physical fitness center to be given to the customer.  Count 2 may

---

[1] Because Mullen's ICFA claim (Count 3) survives under a deceptive practices-based theory, the Court need not address whether it also states a claim under an unfair practices-based theory.  It is a single claim, and one basis for its survival is enough for present purposes.

not be the strongest of Mullen's claims on its face, but she has adequately alleged a violation of sections 4 and 6 of the IPFSA. The questions of what damages are properly recoverable or whether Mullen can actually prove harm from the violation(s) are premature at this stage of the litigation.

**3.  Unjust enrichment claim**

In their opening memorandum, defendants seek dismissal of Mullen's unjust enrichment claim on the ground that unjust enrichment is not a separate cause of action under Illinois law. That is incorrect. *See Cleary v. Phillips Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011) (applying Illinois law). Mullen has also adequately alleged that defendants benefitted to her detriment, by obtaining fees from her when she enrolled her daughter in defendants' programs.

**4.  Injunctive relief**

Defendants say that Mullen is not entitled to injunctive relief, but it would be premature to address the question of the appropriate relief at this early stage of the litigation.

**Conclusion**

For the reasons stated above, the Court denies defendants' motion to dismiss and directs defendants to answer the complaint within twenty-one days of this order.

Date:  July 2, 2018

 _____
 MATTHEW F. KENNELLY
 United States District Judge

8