## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated, | Case No. 1:18-cv-1465 |
| *Plaintiff*, | Honorable Matthew F. Kennelly |
| v. | |
| GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual, | |
| *Defendants*. | |

## JOINT STATUS REPORT

Plaintiff Laura Mullen ("Plaintiff") and Defendants GLV, Inc. d/b/a Sports Performance Volleyball Club and Great Lakes Center, Ricky Butler, and Cheryl Butler (collectively, "Defendants" and together with Plaintiff, the "Parties"), pursuant to the Court's January 18, 2019 Memorandum Opinion and Order (Dkt. 100), hereby provide a Joint Status Report addressing: (1) the proposed class notice plan; and (2) the information needed for class notice.

***Proposed Class Notice Plan & Information Needed for Class Notice***

1.      The Parties agree to utilize the services of Kurtzman Carson Consultants, LLC ("KCC") for purposes of class notice administration. Class Counsel has been in communication with KCC regarding notice administration for this case. The Parties agree that Class Counsel will carry the costs associated with notice administration at this time.

2.      The Parties jointly propose that class notice be effectuated via direct individual e-mail notice and letter notice sent via First Class U.S. Mail. Both e-mail and letter notice will be sent to all Class members' last known addresses as maintained by the Defendants. To ensure that

notice reaches the maximum amount of Class members possible, prior to sending out the letter notice KCC will process the names and addresses on the class list through the National Change of Address database to update any changes of address on file with the United States Postal Service.

3.     Counsel for Defendants has agreed that she will provide KCC with a list of Class members and their contact information, including e-mail addresses and mailing addresses, within seven (7) days of the Court's ruling on Defendants' Motion to Redefine the Class.

4.     The Parties also agree that any proposed e-mail notice and letter notice will direct Class members to a case website at an easily remembered domain, which will be created and maintained by KCC. The case website will also contain relevant Court documents, such as Plaintiff's Complaint, Defendants' Answer and Affirmative Defenses, and the Court's Order granting Plaintiff's Motion for Class Certification.

5.     The Parties also agree that the proposed notice documents will contain a proposed exclusion deadline of thirty-five (35) days after notice has been sent to the Class.

6.     The Parties met-and-conferred on January 29, 2019 and disagree about the format and content of the notices. Their respective positions are set forth below.

***Plaintiff's Position on Proposed Class Notice Documents***

7.     The Court ordered Class Counsel to provide a draft class notice to Defendants' counsel no later than January 23, 2019, and directed Defendants' counsel to provide comments and objections to Class Counsel by January 28, 2019. (Dkt. 100.) Class Counsel did so on January 22, 2019 at 4:44 p.m. CST drafting neutral notice drawing on this Court's order granting class certification. Defendants emailed general objections and comments on the proposed notices. On January 29, 2019 Defendants emailed redrafted notices that Class Counsel do not

believe conform generally accepted notice content or formatting.

8.      Plaintiff's proposed direct e-mail notice is attached hereto as Exhibit A. Plaintiff's proposed direct letter notice to be sent by First Class U.S. Mail is attached hereto as Exhibit B. Plaintiff's proposed "long form" notice for the dedicated website is attached hereto as Exhibit C. Plaintiff also submits that Defendants should be required to include a link to the case website on their own website (www.greatlakescenter.com).

9.      Each of Class Counsel's proposed notices follows the guidance for contents and formatting for class notice promulgated by the Federal Judicial Center. In addition, each notice closely tracks the content and form of notices approved in prior cases by this Court and by other federal courts across the country.

10.     Defendants' proposed notices do not as closely track the Federal Judicial Center's proposed notice nor that of notices typically approved by federal courts. In addition, Defendants' proposed notices have two troubling additions. First, they mischaracterize and downplay Plaintiff's allegations. Second, Defendants' proposed notice would allow Class members to file a request for exclusion by emailing the settlement administrator, which Class Counsel note is not the standard practice given the need for a signature on the requests. Class Counsel have agreed to help class members fill out the requests for exclusion and submit them if they have any issues using the mail.

***Defendants' Position on Proposed Class Notice Documents***

11.     On January 28, 2019, Defendants filed a Motion to Redefine the Class and subsequently provided Plaintiff's counsel with further comments and objections to Plaintiff's drafts of proposed class notice.

12.     Due to the numerous, significant objections Defendants identified in Plaintiff's

proposed notice, Defendants initially provided general objections and followed up with full redrafts of Plaintiff's notices. Defendants' redrafts modify the misleading, inflammatory statements included in Plaintiff's notice in order to more accurately reflect the issues in this litigation and reduce the risk of lay persons being misled or confused by Plaintiff's notices.

13.     Defendants believe class members should be able to opt out of the class via email. An electronic signature is commonly used in court documents and even affidavits, and, therefore, there is no valid reason to prohibit an opt-out method which is reasonable, efficient, and would minimize the risk of including class members who would like to exercise their individual rights.

14.     Defense counsel therefore submits Defendants' versions of the proposed notice documents herewith. Defendants' proposed direct e-mail notice is attached hereto as Exhibit D. Defendants' direct letter notice to be sent by First Class U.S. Mail is attached hereto as Exhibit E. Defendants' proposed "long form" notice for the dedicated website is attached hereto as Exhibit F.

15.     Defendants to not agree to include a link to the case website on their own website. The class is confined to the customers who participated in a nearly year-long travel program and, therefore, there is little risk that the information provided to Defendants by the class members is incorrect or somehow insufficient. Therefore, there is a negligible risk that class members would not receive notice via direct individual e-mail notice and letter notice sent via First Class U.S. Mail.

*                    *                    *

Respectfully submitted,

**LAURA MULLEN,** individually and on behalf of the Class,

Dated: January 30, 2019        By: <u>s/ Sydney M. Janzen</u>
                      One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Eve-Lynn J. Rapp
erapp@edelson.com
Christopher L. Dore
cdore@edelson.com
Alfred K. Murray II
amurray@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, RICKY BUTLER,** and **CHERYL BUTLER**,

Dated: January 30, 2019        By: <u>s/ Danielle D'Ambrose</u>
                      One of Defendants' Attorneys

Danielle D'Ambrose
Danielle@DambrosePC.com
D'Ambrose P.C.
500 North Michigan Avenue, Suite 600
Chicago, Illinois 60611
Tel: 312.639.4121
Fax: 312.574.0924

## SIGNATURE ATTESTATION

Pursuant to Section IX(C)(2) of the General Order on Electronic Case Filing, I hereby attest that the content of this document is acceptable to all persons whose signatures are indicated by a conformed signature (s/) within this e-filed document.

s/ Sydney M. Janzen

## CERTIFICATE OF SERVICE

I, Sydney M. Janzen, an attorney, hereby certify that on January 30, 2019, I caused to be served the above and foregoing *Joint Status Report*, by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

s/ Sydney M. Janzen