**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated,      ) ) )<br><br>Plaintiff,      )<br>)<br>vs.      )<br>)<br>GLV, INC., RICKY BUTLER, and      )<br>CHERYL BUTLER,      )<br>)<br>Defendants.      ) | Case No. 18 C 1465 |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

On January 18, 2019, the Court granted Laura Mullen's motion for class certification. *See Mullen v. GLV, Inc.*, No. 18 C 1465, 2019 WL 265080 (N.D. Ill. Jan. 18, 2019), *modified*, *Mullen v. GLV, Inc.*, 2019 WL 302670 (N.D. Ill. Jan. 23, 2019). The Court assumes familiarity with that ruling. Summarized briefly, Mullen proposed a class comprising all individuals who paid the defendants for youth volleyball instruction in the state of Illinois between February 27, 2013 and January 20, 2018. The Court granted the motion but modified the class definition, limiting it to individuals who paid for youth volleyball instruction through GLV's Sports Performance program.

The defendants have filed a motion to redefine the class, arguing that it is impermissibly overbroad under the standards the Court applied in its ruling. Specifically, the defendants have asked the Court to limit the class to individuals who paid for instruction through the all-girls Sports Performance 18 Elite Team that Rick Butler personally coached. They cite the Court's analysis on the issue of predominance

to argue that this redefinition is necessary for the class to satisfy the requirements of Rule 23(b)(3).

The defendants' arguments are unpersuasive. Their primary contention is that the class should be limited to the team that Butler personally coached because that was the only program with which he was directly involved. But the evidence contradicts that assessment: Butler's written discovery responses show that he was at least intermittently involved in the training and supervision of students in each of the other Sports Performance programs. *See* Defs.' Ex. A, Butler's Answers to Pl.'s Third Set of Interrogs., dkt. no. 102-1, at 3. In addition, Butler served as the "master coach" of twenty-four high school girls' teams, meaning that he had at least a supervisory role in those programs. *Id.* Though the girls on the Sports Performance 18 Elite Team may have had more exposure to Butler than athletes on other teams, the fact that he had some involvement with those programs is sufficient to permit class-wide resolution of the issues of materiality, reliance, and proximate causation.

The defendants also point out that the class includes boys' Sports Performance programs, with the apparent implication that it is improper to include boys in the class because the plaintiff alleges that Butler raped and sexually abused only girls. But the defendants have introduced no evidence to support the inference that Butler's alleged misrepresentations were not material to or would not have induced reliance on the part of the parents of boys in the Sports Performance programs. Absent such evidence, redefining the class on that basis would be premature and improper. The Court notes that if such evidence emerges through discovery or otherwise, it has the authority to modify the class definition, including by narrowing it. *See* Fed. R. Civ. P. 23(c)(1)(C).

To the extent the defendants argue that the Court's previous ruling held that the class could not encompass either boys or players on teams Rick Butler did not personally coach, they misconstrue the Court's reasoning. The Court stated "by way of example" that the materiality of the alleged misrepresentations would differ for "a young man participating in an off-site program with which Rick Butler had no direct involvement" as compared with a girl on a team he coached. *See Mullen*, 2019 WL 302670, at *7. The purpose of this example was to highlight the potentially disparate analysis of materiality, proximate cause, and reliance that might be required for two very differently situated class members–not to delineate the criteria for predominance under Rule 23(b)(3).

In response to these concerns, the Court modified Mullen's proposed class definition, significantly narrowing its scope. *See id.* at *8. The certified class consists only of individuals who paid for volleyball instruction at the facility where Rick Butler worked, meaning that unlike the parents of many GLV athletes, the class members would have had reason to believe that their children might come in contact with Butler. And the evidence suggests that the children in all the Sports Performance programs did have at least occasional contact with him. Because the defendants have pointed to no evidence suggesting that issues of materiality, reliance, or proximate causation will require individualized proof for the class as now defined, the Court finds no basis to alter the class definition. For the foregoing reasons, the Court denies the defendants' motion to redefine the class [dkt. no. 102].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 12, 2019