IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual,<br><br>*Defendants.* | Case No. 18-cv-1465<br><br>Honorable Matthew F. Kennelly |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED AGREED CONFIDENTIALITY ORDER AND MOTION FOR PARTIAL RECONSIDERATION OF ORDER ENTERED ON APRIL 17, 2019

Defendants GLV, Inc., ("GLV") Ricky Butler ("Rick"), and Cheryl Butler ("Cheryl") by and through their counsel, Danielle D'Ambrose of D'Ambrose P.C., respectfully request that this Court enter an order of clarification and/or partial reconsideration on Plaintiff's Motion for Confidentiality Order and, in support thereof, state as follows:

**I.   BACKGROUND**

1. On March 29, 2019, the parties were before this Honorable Court to discuss issues related to class notice. At that time, counsel for Defendants advised the Court that she would be out of town from April 11, 2019 through April 15, 2019. Therefore, the next status hearing was set for April 16, 2019.

2. On April 11, 2019 at 4:41 p.m., counsel for Plaintiff sent counsel for Defendants a draft Motion for Entry of Protective Order and proposed order, indicating that "the proposed order

1

largely follows Local Rule 26.2's Model Confidentiality Order, with a few caveats to reflect the nature of this case." *Exhibit A*.

3. Notably, Plaintiff did not provide redlines of the proposed order which would highlight the changes Plaintiff made to Local Rule 26.2's Model Confidentiality Order. Nevertheless, Plaintiff requested that Defendants respond within 24 hours. *Id*.

4. Defense counsel emailed Plaintiff's attorneys requesting that Plaintiff provide an explanation of the type of information Plaintiff was seeking to protect, particularly in light of the publicity of the allegations contained in the Complaint. Plaintiff's response provided no further information other than a brief recitation of the categories in the proposed order. Counsel for Defendants then informed counsel for Plaintiff that Defendants would not agree to the entry of Plaintiff's proposed order. *Id*.

5. Plaintiff filed her Motion for Confidentiality Order at 2:56 p.m. on Friday, April 12th, setting the Motion for presentation on Wednesday, April 17, 2019. (Dkt. 121-122)

6. On April 15th at 2:28 p.m., this Honorable Court entered an Order which vacated the April 17, 2019 court date and advanced the Motion hearing to the previously-scheduled court date of April 16, 2019. (Dkt. 124)

7. At no time did Plaintiff provide Defendants or the Court with redlined changes that Plaintiff made to the Model Confidentiality Order. Moreover, the Court noted at the hearing that it did not have an opportunity to review the 17-page proposed order in advance. *Exhibit B*.

8. Notably, Plaintiff's Motion only addressed the categories of information identified in Section 2 of the Proposed Order, which defines "Confidential Information" within the proposed order. (Dkt. 121)

9. At the hearing on April 16, 2019, Defendants provided the Court with general objections to the entry of any order of confidentiality, particularly because the accusers have generated a large amount of public interest by repeatedly detailed the allegations in the media for more than two decades. Defendants also argued that the proposed order would primarily serve to prejudice Defendants by making it more difficult for them to defend themselves.

10. The Court then turned to the Plaintiff to discuss the provisions of the proposed Order, who presented the Court with information consistent with her Motion, which stated that "[t]he Proposed Order is the Local Rule 26.2 Model Confidentiality Order, with a few minor modifications applicable to the specific information likely to be subject to discovery in this case." (Dkt. 121, ¶2)

11. With respect to the provisions defining "Confidential Information" in Section 2, the Court denied Plaintiff's request to deem certain information "HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" suggesting that Plaintiff may instead be able to include it in Section 2(a) and ruled that the Plaintiff should use more specific language than the phrase "sensitive information" in Section 2(a)(vi). The Court did not provide the specific language to be included in the modified Order and instead instructed Plaintiff to make the changes. *Exhibit B*.

12. On April 17, 2019, this Honorable Court entered an order which stated, in part, "Motion for entry of confidentiality order [121] is granted as modified in open court." (Dkt. 127)

**II.  ARGUMENT**

1. It is well established that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006).

2. Contrary to Plaintiff's representations, Plaintiff's proposed order included many significant changes which were not provided for in redlined copies of the order as required by United States District Court for the Northern District of Illinois Amended General Order 12-0018, Plaintiff did not attempt to show good cause to justify their inclusion, and Plaintiff did not address them before the Court when asked about the changes that were made to the Model Order. The modifications include:

   a. Section 4(b), Plaintiff added a provision which completely bars Rick Butler, Cheryl Butler, and anyone associated with GLV from attending any deposition of any person who has alleged that Rick Butler sexually abused them, whether present in-person or via telephone, video-conferencing, or any other form of virtual attendance;

   b. Section 3(a), Plaintiff modified the Order to allow a subpoenaed non-party to designate a document as Confidential Information for protection under this Order which, given the importance of the non-parties mentioned in Plaintiff's Complaint, constitutes a significant modification to the Model Order;

   c. Section 2(c), where, although Plaintiff gave an example of the information she seeks to protect (a group text chat "safe space" where the alleged victims are discussing their private emotions regarding the allegations), Plaintiff's proposed Order was significantly more broad, including "any and all communications sent to, received from, or exchanged between and among any victims of Rick Butler's alleged sexual abuse, including those victims named in the Complaint, unnamed victims, and Jane Doe." Notably, Plaintiff did not narrow the scope of this provision in the modified order she sent to Defendants after the April 16th hearing; and

4

    d. Section 2(a), where, although Plaintiff explained that she sought to protect the identity of Jane Doe, Plaintiff's proposed order was significantly broader, including "any other individual who may come forward regarding their experiences and wishes to remain anonymous." Notably, Plaintiff did not narrow the scope of this provision in the modified order she sent to Defendants after the April 16th hearing. *Exhibit B, Exhibit C.*

3. In addition to those objections outlined above, Defendants object to any order which refers to Rick Butler's accusers as "victims," as opposed to "alleged victims."

4. Further, the proposed order as presented to the Court, as well as the modified proposed order (*Exhibit C*) Plaintiff submitted to Defendants, is marked as an agreed order. However, this Court entered the order over Defendants' objections, as will and subsequent order of confidentiality entered by this Court.

5. United States District Court for the Northern District of Illinois Amended General Order 12-0018 clearly states, in bold writing, "**Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text.**"[1]

6. Furthermore, Footnote 4 of the United States District Court for the Northern District of Illinois Amended General Order 12-0018 states, "The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative proposition that is not chosen." Again, Plaintiff did not provide such redlines.

7. Section 4(b), which bans defendants from attending the depositions of anyone who has made an allegation of abuse against Rick Butler, is highly prejudicial to Defendants, as it seeks

---

[1] United States District Court for the Northern District of Illinois Amended General Order 12-0018 can be found at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%2012-0018%20-%20Form%20LR%2026.2%20Model%20Confidentiality%20Order.pdf

to deprive them of the ability to fact-check and challenge the nearly 40-year history between the witnesses and the Defendants.

8. Moreover, Plaintiff's failure to provide redlines combined with her assertion that "[t]he Proposed Order ***is*** the Local Rule 26.2 Model Confidentiality Order, with a few ***minor*** modifications" (emphasis added) is highly misleading given the numerous modifications[2] which she did not address in her Motion. (Dkt. 121, ¶2) The moving party bears the burden of showing good cause for a protective order. *Cent. States, Se. & Sw.Areas Pension Fund v. Nat'l Lumber Co*, No. 10 C 2881, 2012 WL2863478, at *2 (N.D. Ill. July 11, 2012). Because Plaintiff failed to address multiple aspects of her proposed Order in her Motion, she could not have shown good cause and has failed to meet her burden.

9. In determining whether there is good cause for a protective order, the court must balance the harm to the party seeking the protective order against the importance of public disclosure. *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341–42 (N.D. Ill. 2008). Here, the balance weighs in favor of public disclosure. While, typically, cases involving allegations of a sensitive nature would give deference to the privacy interests of those individuals, this case is not typical, as the individuals themselves have repeatedly publicized the details of the sensitive information for over 20 years.

---

[2] Counsel for Defendants acknowledges that this information was available to her at the time of the hearing, but the surrounding circumstances of the hearing should be considered along with the arguments set forth in this Motion: between April 11, 2019 and the hearing on April 16, 2019, (1) the Plaintiff filed a Motion for Entry of Protective Order, along with a Proposed Order, (2) a Motion to Compel Interrogatory No. 1 with attached Exhibits, (3) a Status Report containing prejudicial accusations against Defendants, (4) to which Defendants responded with a Motion to Strike, and (5) Defense counsel was out of town. Furthermore, the Court sought to dispose of all issues by discussion/argument during the April 16, 2019 court date. Defense counsel did not believe the Court would entertain every specific objection to the order, and when the Court directed Plaintiff to make additional modifications to the order, counsel for Defendants reasonably believed that she would have an opportunity to raise more specific objections after receiving the modified order.

10. Within the days and weeks after the filing of this litigation, and largely prior to Defendants obtaining counsel in this matter, the accusers, and even Plaintiff's attorney, appeared on television programs and in news articles explicitly detailing their accusations against Rick Butler. The accusers have taken every opportunity to publicize their allegations over the last two decades, so any attempt by Defendants to obtain Order of Confidentiality related to the allegations would be futile.

11. Therefore, the public interest in this matter is even greater than the generalized public interest in court filings and court proceedings being open to the public.

12. Plaintiff made the decision to fill nearly 50 pages of her Complaint with salacious, explicit allegations which was not a necessary requirement to bring her claims. Plaintiff's assertion that these same individuals are somehow entitled to selective confidentiality is particularly improper given the fact that it was those very individuals who created the public interest in this litigation to begin with. The proposed order is an entirely self-serving attempt to control the public narrative of this litigation, and Plaintiff's modifications should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order denying Plaintiff's Motion for Entry for Confidentiality Order, or, in the alternative, enter the Local Rule 26.2 Model Confidentiality Order without Plaintiff's modifications.

Dated: April 18, 2019

    Respectfully Submitted,
    GLV, INC., RICK BUTLER, and
    CHERYL BUTLER

    By: */s/ Danielle D'Ambrose*
        One of Their Attorneys

Danielle D'Ambrose
D'AMBROSE P.C.
500 North Michigan Avenue, Suite 600
Chicago, IL 60611
P: (312) 6396-4121 | F: (312) 574-0924
Danielle@DambrosePC.com
ARDC No. 6323782

*Attorney for Defendants*

**CERTIFICATE OF DELIVERY**

The undersigned, an attorney, certifies that pursuant to Section X (E) of the General Order on Electronic Case Filing for the Northern District of Illinois, service of the above and foregoing document on all attorneys of record was accomplished through the Court's Electronic Notice for Registrants on April 18, 2019.

*/s/ Danielle D'Ambrose*