# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| v. | Case No. 18-cv-1465 |
| GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual, | Honorable Matthew F. Kennelly |
| *Defendants.* | |

## DEFENDANTS' MOTION FOR CLARIFICATION ON DEFENDANTS' COMMUNICATIONS WITH CLASS MEMBERS

Defendants GLV, Inc., ("GLV") Ricky Butler ("Rick"), and Cheryl Butler ("Cheryl") by and through their counsel, Danielle D'Ambrose of D'Ambrose P.C., respectfully request that this Court enter an order clarifying the communications permitted, if any, between Defendants and Class Members and, in support thereof, state as follows:

1. This class action poses a unique problem because hundreds of class members are also Defendants' current customers, and the nature of the relationship necessitates frequent communication.

2. The Sports Performance Program is a year-long volleyball program which involves frequent travel to tournaments, where customers of the program spend a significant amount of time with Rick Butler, Cheryl Butler, and/or other GLV staff members.

3. Additionally, many class members are repeat customers of Defendants. It is common for a family to have multiple children go through the program and, thus, spend 5, 10, or

even 20 years as a customer of Defendants. Therefore, many Class Members have developed close relationships and personal friendships that surpass the business relationship.

4.      Currently, hundreds of Class Members are repeat customers who returned to the program after the filing of this litigation, which garnered significant publicity in the months following its inception. Therefore, a significant portion of class members were made aware of the case well before the Class Notice was received.

5.      Dozens of Class Members have reached out to Defendants throughout the pendency of this case to offer words of support or to ask questions regarding the status of the case, and the issue of Defendants' communications has been raised before this Court is various points in the litigation.

6.      The Class Notice process has generated another wave of communications, particularly from Class Members expressing concerns about the opt-out process. Defendants have often been placed in a difficult position, having to choose between potentially violating this Court's Orders by providing a Class Member with the information they seek or potentially harming the interests of the Class Member and their own interests by remaining silent. Defendants have included examples of these communications in *Exhibit A*.

7.      Defendants acknowledge that the mass email from Mr. Gilb was improper and should not have been sent. However, Defendants would be remiss not to point out to this Honorable Court that, the responses to Mr. Gilb's email are alarming.

8.      Mr. Gilb received several responses from class members claiming that they did not receive a notice but desired to opt out of the litigation. His email was sent to current players/parents in the boys' program, which is the smallest segment of customers in comparison with or with

current girls' players/parents. There are likely many more class members who are in the same position as those who responded to Mr. Gilb's email.

9. Defendants have strived to abide by the Orders of this Honorable Court, as well as the relevant case law on class communications. However, this case presents such unique issues which are highly uncommon in other class actions that Defendants seek further clarification of this Court's rulings on class communications.

WHEREFORE, Defendants request that this Honorable Court enter an Order clarifying the types of communications permitted, if any, between Defendants and Class Members given their relationships and in light of the foregoing considerations.

Dated: April 18, 2019

Respectfully Submitted,
GLV, INC., RICK BUTLER, and
CHERYL BUTLER

By: */s/ Danielle D'Ambrose*
One of Their Attorneys

Danielle D'Ambrose
D'AMBROSE P.C.
500 North Michigan Avenue, Suite 600
Chicago, IL 60611
P: (312) 6396-4121 | F: (312) 574-0924
Danielle@DambrosePC.com
ARDC No. 6323782

*Attorney for Defendants*

## CERTIFICATE OF DELIVERY

The undersigned, an attorney, certifies that pursuant to Section X (E) of the General Order on Electronic Case Filing for the Northern District of Illinois, service of the above and foregoing document on all attorneys of record was accomplished through the Court's Electronic Notice for Registrants on April 18, 2019.

*/s/ Danielle D'Ambrose*