Exhibit Q

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual, <br><br> *Defendants*. | Case No. 1:18-cv-1465 <br><br> Honorable Matthew F. Kennelly |

**PLAINTIFF'S RESPONSES TO DEFENDANTS'**
**FIRST SET OF REQUESTS TO PRODUCE DOCUMENTS**

Plaintiff Laura Mullen, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, by and through her undersigned counsel, hereby provides the following response to Defendants' First Set of Requests to Produce Documents. Plaintiff provides these responses only to the extent that she possesses relevant and responsive information. Plaintiff reserves all of her rights to supplement these responses should more information become available.

*Preliminary Statement*

All responses contained herein are based only on such information and documents that are presently available to and specifically known to Plaintiff. Further investigation and discovery may supply additional facts, which may require these responses to be supplemented. Thus, the following responses are given without prejudice to Plaintiff's right to supplement or amend them, or to produce evidence of subsequently discovered facts that Plaintiff may recall or learn at a later date.

*Responses to Requests*

**REQUEST FOR PRODUCTION NO. 1**

All Documents relied upon, related to, or otherwise used in preparing Your answers to Defendants' First Set of Interrogatories.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it does not "describe with reasonable particularity each item or category of items to be inspected" as required by Rule 34(b)(1)(A). Plaintiff also objects to this Request as being unreasonably cumulative and duplicative of all other Requests, to which responsive non-privileged documents are already being provided. Plaintiff further objects to this Request as overly broad, irrelevant, and unduly burdensome in that it seeks "all documents" in any way related to Plaintiff's answers to Defendants' First Set of Interrogatories irrespective of their content or purpose and that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that the documents sought are within Defendants' possession, custody, or control, and are easily discoverable from Defendants' own records or third parties within Defendants' control with less burden and expense. Plaintiff also objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to this objection. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that she will produce any responsive, non-privileged documents identified in her answers to Defendants' First Set of Interrogatories, including any responsive, non-privileged documents subject to the terms of the anticipated confidentiality order to be entered by the Court.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications that You contend support all allegations of sexual abuse contained in the Complaint, Identifying the source from which each Communication or Document was obtained.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it does not "describe with reasonable particularity each item or category of items to be inspected" as required by Rule 34(b)(1)(A). Plaintiff further objects to this Request as being unreasonably cumulative and duplicative of all other Requests, to which responsive non-privileged documents are already being provided. Plaintiff also objects to this Request on the basis that it is overly broad and unduly burdensome in that it seeks a broad range of documents without limitation, for example, as to time or scope. Plaintiff also objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within the possession, custody or control of Defendants, and therefore are more easily discoverable by Defendants or from third parties it controls with less burden and expense. Plaintiff also objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to this objection. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that the documents bearing Bates Nos. MULLEN_000005–MULLEN_000261 are responsive to this Request. Investigation continues.

**REQUEST FOR PRODUCTION NO. 3**

All Communications with any person, company, or organization related to the claims or defenses of the Parties in this Matter, Including but not limited to verbal Communications, emails, text messages, Facebook posts, Facebook messages, VolleyTalk posts, and VolleyTalk personal messages with:

a. Sarah Powers-Barnhard
b. Christine Tuzi
c. Julie Bremner
d. Beth Rose
e. Jane Doe
f. Unnamed 6th woman in Complaint
g. Kay Rogness
h. Emily Swanson
i. Wade Horvath
j. Nancy Hogshead-Makar
k. Champion Women

**RESPONSE:**

Plaintiff objects to this Request as overly broad and unduly burdensome in that it seeks "all communications" related to the claims and defenses of any party, irrespective of their content or purpose and without limitation, for example, as to time or scope, and thus seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request as vague and ambiguous, as it calls for document production of all "verbal Communications," and it is unclear how a verbal communication would be in written form. Plaintiff also objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to these objections. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that she will produce any responsive, non-privileged communications subject to the terms of the anticipated confidentiality order to be entered by the Court. Investigation continues.

**REQUEST FOR PRODUCTION NO. 4**

All VolleyTalk Communications You sent or received during the Relevant Time Period, Including both public posts and personal messages, Identifying the name of the owner of each account with which You communicated, when known, and the dates upon which each Communications was made.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it does not "describe with reasonable particularity each item or category of items to be inspected" as required by Rule 34(b)(1)(A). Plaintiff also objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within the possession, custody or control of Defendants, and therefore are more easily discoverable by Defendants or from third parties it controls with less burden and expense. Plaintiff also objects to this Request as overly broad and unduly burdensome in that it seeks "all communications" on VolleyTalk sent or received by Plaintiff since she first enrolled her daughter(s) in any club volleyball program, irrespective of their content or purpose and without limitation, for example, as to time or scope, and thus seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Plaintiff states that the documents bearing Bates Nos. MULLEN_000325–MULLEN_000333 are responsive to this Request.

Investigation continues. Plaintiff will supplement her response to this Request with any responsive, non-privileged communications, including communications subject to the terms of the anticipated confidentiality order to be entered by the Court.

**REQUEST FOR PRODUCTION NO. 5**

All Documents related to payments made by You to GLV.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within the possession, custody or control of Defendants or third parties it controls, and therefore are more easily discoverable by Defendants with less burden and expense. Plaintiff also objects to this Request as overly broad and unduly burdensome in that it seeks all payments made by Plaintiff to GLV, irrespective of their content or purpose and without limitation, for example, as to time or scope, and thus seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Plaintiff states that she will produce any responsive, non-privileged documents subject to the terms of the anticipated confidentiality order to be entered by the Court. Investigation continues.

**REQUEST FOR PRODUCTION NO. 6**

All Communications with Rick Butler, Cheryl Butler, and GLV, Inc., Including all current and former employees of GLV.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it does not "describe with reasonable particularity each item or category of items to be inspected" as required by Rule 34(b)(1)(A). Plaintiff further objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within Defendants' possession, custody or control and are easily discoverable from Defendants' own records. Plaintiff also objects to this Request on the basis that it is overly broad by seeking "all communications" irrespective of their context or purpose and without limitation, for example as to time or scope, and thus seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Plaintiff states that she will produce all responsive, non-privileged communications, including any communications subject to the terms of the anticipated confidentiality order to be entered by the Court. Investigation continues.

**REQUEST FOR PRODUCTION NO. 7**

All Communications with Your daughters related to their participation in any club volleyball program.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it does not "describe with reasonable particularity each item or category of items to be inspected" as required by Rule 34(b)(1)(A). Plaintiff objects to this Request on the basis that it is overly broad and unduly burdensome, and seeks information that it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence in its demand for "all communications with [Plaintiff's] daughters related to

their participation in any club volleyball program" without limitation, for example, as to time or scope. Plaintiff states that responsive documents are being withheld pursuant to these objections.

Subject to and without waiving these objections, Plaintiff states she will produce any responsive, non-privileged communications related to her daughters' participation in the Sports Performance Program, including any communications subject to the terms of the anticipated confidentiality order to be entered by the Court. Investigation continues.

**REQUEST FOR PRODUCTION NO. 8**

The Document(s) or Communication(s) You contend first informed You of the allegations of sexual abuse contained in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request as being unreasonably cumulative and duplicative of Request Nos. 1 and 2, to which responsive non-privileged documents are already being or will be provided. Plaintiff also objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to these objections. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that the documents bearing Bates Nos. MULLEN_000262 – MULLEN_000324 are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

All Documents which support your contention that Defendants concealed from You the alleged Sexual Abuse.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within Defendants' possession, custody or control and are easily discoverable from Defendants' own records. Plaintiff also objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving these objections, Plaintiff states that the documents bearing Bates Nos. MULLEN_000001–MULLEN_000004 are responsive to this Request. Investigation continues.

**REQUEST FOR PRODUCTION NO. 10**

All Documents which support your claim of damages.

**RESPONSE:**

Plaintiff objects to this Request as being unreasonably cumulative and duplicative of Request No. 5. Plaintiff also objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within the possession, custody or control of Defendants or third parties it controls, and therefore are more easily discoverable by Defendants with less burden and expense. Plaintiff also objects to this Request as overly broad and unduly burdensome in that it seeks "all documents" that support Plaintiff's claim of damages, when fewer than "all" documents related to Plaintiff's claim of damages would be sufficient to support Plaintiff's claim.

Subject to and without waiving these objections, see Response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 11**

Any Document or Communication You contend shows that members of the Class would not allow their children to play for Defendants had they known of the alleged Sexual Abuse.

**RESPONSE:**

Plaintiff also objects to this Request as being unreasonably cumulative and duplicative of all other Requests, to which responsive non-privileged documents are already being or will be provided. Plaintiff further objects to this Request to the extent that the documents sought are within Defendants' possession, custody, or control, and are easily discoverable from Defendants' own records. Plaintiff also objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to this objection. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that she will produce any responsive, non-privileged documents. Investigation continues.

**REQUEST FOR PRODUCTION NO. 12**

All Documents and/or Communications that You contend support Your claims and/or defend Your claims against Defendants' Affirmative Defenses.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it does not "describe with reasonable particularity each item or category of items to be inspected" as required by Rule 34(b)(1)(A). Plaintiff further objects to this Request as being unreasonably cumulative and duplicative of all other Requests, to which responsive non-privileged documents are already being provided.

Plaintiff also objects to this Request on the basis that it is overly broad and unduly burdensome in that it seeks a broad range of documents without limitation, for example, as to time or scope, and thus seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within the possession, custody or control of Defendants, and therefore are more easily discoverable by Defendants or from third parties it controls with less burden and expense. Plaintiff also objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to this objection. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that the documents bearing Bates Nos. MULLEN_000001–MULLEN_000324 are responsive to this Request. Investigation continues.

**REQUEST FOR PRODUCTION NO. 13**

All Communications related to Your daughters' participation in any GLV volleyball program, including but not limited to Sports Performance, GLCYA, camps, clinics, and lessons.

**RESPONSE:**

Plaintiff objects to this Request as being unreasonably cumulative and duplicative of Request No. 7, to which responsive non-privileged documents will be provided. Plaintiff also objects to this Request on the basis that it is overly broad and unduly burdensome in that it seeks a broad range of communications without limitation, for example, as to time or scope, and thus

seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request on the basis that it seeks documents that are equally available to Defendants and/or within the possession, custody or control of Defendants, and therefore are more easily discoverable by Defendants or from third parties it controls with less burden and expense. Plaintiff also objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff states that responsive documents are being withheld pursuant to this objection. If Defendants intend this Request to apply to privileged materials, a privilege log will be provided.

Subject to and without waiving these objections, Plaintiff states that she will produce all responsive, non-privileged communications, including any communications subject to the terms of the anticipated confidentiality order to be entered by the Court.

\*            \*            \*

Dated:  April 17, 2019

**LAURA MULLEN,** individually and on behalf of the class of similarly situated individuals,

By: s/ Sydney M. Janzen
      One of Plaintiff's attorneys

Jay Edelson
jedelson@edelson.com
Eve-Lynn J. Rapp
erapp@edelson.com
Christopher L. Dore
cdore@edelson.com
Alfred K. Murray II
amurray@edelson.com
Sydney M. Janzen
sjanzen@edelson.com

Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 17, 2019, I served the above and foregoing by causing a true and accurate copy of such paper to be placed in a postage prepaid envelope addressed to the person shown below and depositing such envelope in the U.S Mailbox located at 350 North LaSalle Street, Chicago, Illinois 60654, and further, by causing a true and accurate copy of such paper to be delivered to the person shown below via electronic mail:

Danielle D'Ambrose
Danielle@DambrosePC.com
D'Ambrose P.C.
500 North Michigan Avenue, Suite 600
Chicago, Illinois 60611
Tel: 312.639-4121
Fax: 312.574.0924

                                                                                 By: s/ Sydney M. Janzen