IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual, <br><br> *Defendants.* | Case No. 18-cv-1465 <br><br> Honorable Matthew F. Kennelly |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS**

Defendants, GLV, Inc. d/b/a Sports Performance Volleyball Club and Great Lakes Center ("GLV"), Rick Butler ("Rick"), and Cheryl Butler ("Cheryl"), pursuant to Local Rule 7.1, respectfully move this Court to stay all outstanding discovery pending the resolution of Defendants' Motion for Summary Judgment on All Counts. In support of this Motion, Defendants state as follows:

1. On May 28, 2019, Defendants filed a Motion for Summary Judgment on all claims set forth by Plaintiff.

2. Defendants' Motion for Summary Judgment concerns matters which are within the personal knowledge of Laura Mullen, such as whether she suffered an injury, actual damages, and whether she was deceived. Every cause of action Mullen sets forth requires an injury-in-fact and actual damages. Moreover, five of the six counts in the Complaint depend on allegations of fraud, and each of these claims requires Plaintiff to prove that the Defendants deceived Plaintiff. *See* 815

1

Ill. Comp. Stat. 645/10 (IPFSA); *Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 1000 (7th Cir. 2018) (ICFA); *Connick, Ltd.*, 174 Ill. 2d at 496 (common-law fraud).

3.  The Motion for Summary Judgment does not address the class allegations, and instead focuses on the claims of Laura Mullen. No additional discovery is required for Plaintiff to respond to the Motion for Summary Judgment. A stay of discovery is often appropriate in situations where a pending dispositive motion can resolve the case and where "the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D.Ill.1993).

4.  A court has the inherent authority to stay proceedings in a case to conserve its own time and that of the parties. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In considering whether to grant a stay, a court exercises its judgment by "weigh[ing] [the] competing interests and maintain[ing] an even balance." *Id.* Generally speaking, a court considers whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; whether a stay will simplify the issues and the trial; and how far the proceedings in the case have advanced. Courts also may consider whether a stay or denial of a stay would reduce the burden of litigation on the parties and the court. *See, e.g., Ignite USA, LLC v. Pacific Market Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014).

5.  On March 14, 2019, Defendants produced their supplemental discovery responses to Plaintiff's First Set of Interrogatories to Rick Butler, First Set of Interrogatories to Rick Butler, First Set of Requests to Produce Documents and Things Directed to All Defendants.

6.  Investigation related to Defendants' Supplemental production in response to Plaintiff's First Set of Requests to Produce Documents and Things Directed to All Defendants is still ongoing.

7. Defendants' investigation involves the review of dozens of files dating back to the 1980s. The allegations of sexual abuse against Rick Butler have been the subject of multiple investigations and proceedings such as, for example, (1) the 1995 D.C.F.S. investigation, findings, and subsequent hearing on appeal, (2) the 1995 USA Volleyball investigation, hearing, and ban; (3) the appeal filed by Rick Butler concerning the 1995 USA Volleyball ban; (4) the 2017 lawsuit filed by Rick Butler against USA Volleyball and each motion, order, and correspondence related to the suit; (5) the 2016 USAV complaint, and four amended complaints with material modifications, and investigation of Rick Butler and the near year long process to attempt to get it to hearing; (6) the 2017 USAV ban which was related to the lawsuit filed by Rick Butler against USAV; (7) the 2018 USAV hearing and ban; (8) the AAU investigation and subsequent ban; (9) the investigation done by the DuPage County Probation Department in 1994-1995 related to the adoption of Rick and Cheryl's son; (10) the DuPage County Adoption Court proceedings, which included, *inter alia*, a full review of the USAV hearing and findings; (11) the investigation and findings of the Guardian ad Litem appointed in the 1994-1995 Adoption proceedings; (12) the correspondence, gifts, and photographs related to Rick Butler's relationships with the alleged victims; (13) the 2016 lawsuit filed by Sarah Powers-Barnhard against AAU for its failure to ban Rick Butler. This is merely an overview of the type of information to be reviewed by Defense counsel, as Rick Butler has been subject to scrutiny for 25 years.

8. None of the information sought by Plaintiff in discovery is relevant to the determination of Defendants' Motion for Summary Judgment. To conduct discovery based on alleged acts from approximately 40 years ago is time-consuming, financially burdensome, and irrelevant to the arguments set forth in Defendants' Motion for Summary Judgment.

9. Notably, most of the documents related to these proceedings are in boxes of hard copies, including at least a dozen deposition and hearing transcripts, which Defense counsel has been diligently trying to review, organize, and make sense of the nearly 40-year-old documents.

10. Moreover, due to the recent publicity of the allegations since the filing of this lawsuit, the alleged victims have appeared to testify in front of the Illinois State Senate, appeared on television programs, and have given countless interviews which would require review in order to prepare for a deposition of one of the accusers.

11. On March 29, 2019, Plaintiff's issued (1) a Fourth Set of Requests to Produce directed to all Defendants, (2) a Fourth Set of Interrogatories directed to Defendant GLV, (3) a Third Set of Interrogatories directed to Rick Butler, and (4) a Second Set of Interrogatories directed to Cheryl Butler. None of the information sought is pertinent to the determination of Defendants' Motion for Summary Judgment.

12. On April 2, 2019 Plaintiff's issued a First Set of Requests to Admit directed to Defendant Rick Butler. and another set directed to Defendant GLV, Inc. There are 117 Requests to Admit directed to Rick Butler and an additional 17 to GLV. This discovery again focuses on the underlying allegations of abuse, which are immaterial to Defendants' Motion for Summary Judgment.

13. On April 23, 2019, this Court granted Defendants' Motion for an extension of time to respond to discovery, and the due date was extended to May 30, 2019.

14. On May 23, 2019, Plaintiff issued Notices for the depositions of Rick Butler, Cheryl Butler, GLV (pursuant to Rule 30(b)(6)), and GLV employee Troy Gilb. On May 28, 2019, Plaintiff issued an additional Notice for the deposition of GLV coach Erik Vogt. None of these depositions are necessary for Plaintiff to respond to Defendants' Motion for Summary Judgment.

Moreover, if discovery were to proceed, the cost of additional depositions of witnesses will be particularly high, because, on information and belief, almost all of the women discussed in Plaintiff's Complaint live outside the State of Illinois. However, neither their depositions nor those which were already noticed are necessary to the determination of the Defendants' Motion for Summary Judgment.

15. Defendants have already incurred substantial discovery costs thus far in the form of legal fees and payments to third party e-discovery vendors which, due to the email system of GLV, are required to produce emails in their native format.

16. Defendants would bear a severe and unnecessary burden if they were required to undertake the remaining outstanding discovery, and, because Defendants seek to dispose of the entire matter on summary judgment, there is a legitimate chance that their efforts will result in nothing more than wasted time and legal fees.

17. On the other hand, Plaintiff suffers no unfair prejudice if this Motion to Stay is granted. Delay alone is not enough to tip the balance or to constitute unfair prejudice, as it is present in any case in which a stay is sought. *See, e.g., Ignite USA, LLC v. Pacific Market Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014). If the Motion for Summary Judgment is denied in whole or in part, discovery will resume and Plaintiff will receive the discovery to which she is entitled. Therefore, Plaintiff does not face any unfair prejudice if the Court grants Defendants' Motion.

18. The Federal Rules of Civil Procedure should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed.R.Civ.P. 1. A court has the inherent authority to stay proceedings in a case to conserve its own time and that of the parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936). Therefore, this Court should grant Defendants' Motion to Stay in order to promote a just, speedy, and inexpensive determination of this action.

19. In accordance with Local Rule 37.2, counsel for Defendants emailed Plaintiff's attorneys prior to the filing of this Motion. However, Plaintiff's attorneys refused to consent.

WHEREFORE, Defendants request that this Honorable Court enter an Order granting Defendants' Motion to Stay Discovery Pending the Resolution of Defendants' Motion for Summary Judgment on All Counts and for any other relief this Court deems reasonable and just.

Dated: May 28, 2019

>Respectfully Submitted,
>GLV, INC., RICK BUTLER, and
>CHERYL BUTLER
>
>By: */s/ Danielle D'Ambrose*
>One of Their Attorneys

Danielle D'Ambrose
D'AMBROSE P.C.
500 North Michigan Avenue, Suite 600
Chicago, IL 60611
P: (312) 396-4121 | F: (312) 574-0924
Danielle@DambrosePC.com
ARDC No. 6323782

*Attorney for Defendants*

**CERTIFICATE OF DELIVERY**

The undersigned, an attorney, certifies that pursuant to Section X (E) of the General Order on Electronic Case Filing for the Northern District of Illinois, service of the above and foregoing document on all attorneys of record was accomplished through the Court's Electronic Notice for Registrants on May 28, 2019.

                                                                                      */s/ Danielle D'Ambrose*