IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated, *Plaintiff*, v. GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual, *Defendants*. | Case No. 1:18-cv-1465 Honorable Matthew F. Kennelly |

## JOINT STATUS REPORT

Plaintiff Laura Mullen ("Plaintiff") and Defendants GLV, Inc. d/b/a Sports Performance Volleyball Club and Great Lakes Center, Ricky Butler, and Cheryl Butler (collectively, "Defendants"), pursuant to the Court's May 8, 2019 Minute Entry (dkt. 140) hereby provide a Joint Status Report addressing the proposed discovery plan for remaining fact discovery.

**I.      Completed Discovery.**

Plaintiff has responded to Defendants' First Set of Interrogatories and First Set of Requests for Admission. Plaintiff has also responded to Defendants' First Set of Requests for Production, produced around 600 pages of responsive documents, and is rolling out remaining production as quickly as possible.

Defendants have also responded to Plaintiff's First Set of Interrogatories individually directed to each Defendant, and have produced over 300 pages of documents responsive to Plaintiff's First Set of Requests for Production. Outstanding disputes related to Defendants' responses and production are identified in Section II, below.

II. **Plaintiff's Discovery Plan.**

  A. **Outstanding written discovery to Defendants.**

On April 11, 2019, Plaintiff moved to compel Defendant Rick Butler's response to Plaintiff's Interrogatory No. 1, which requests Butler to identify and describe any sexual contact or "romantic" relationships he has had with individuals under the age of eighteen (18) since he began coaching at GLV. At the April 16, 2019 hearing on the motion, Defendants' counsel informed Plaintiff's counsel and the Court that she would supplement Butler's answer to state that there were no additional women other than the ones identified in Butler's original answer to Interrogatory No. 1. On May 3, 2019, Defendants supplemented Butler's original answer. Plaintiff believes the supplemental answer is still deficient.

Defendants also requested an extension for their outstanding responses to Plaintiff's Fourth Set of Interrogatories directed to GLV, Fourth Set of Requests for Production directed to GLV, Third Set of Interrogatories directed to Rick Butler, Second Set of Interrogatories to Cheryl Butler, and First Set of Requests for Admission directed separately to all three Defendants. Plaintiff agreed to give Defendants until May 30, 2019 to respond. Plaintiff anticipates that additional meet and confers may be necessary.

Plaintiff's counsel has requested to meet and confer with defense counsel regarding Rick Butler's deficient supplement to Interrogatory No. 1 and other issues with Defendants' supplemental responses to Plaintiff's first round of written discovery, but has not received a response. Instead, defense counsel informed Plaintiff's counsel that Defendants intended to move for individual summary judgment and would be requesting a stay of all outstanding discovery. Defendants so moved yesterday, May 28, 2019. Plaintiff views the motion as premature and a transparent attempt by Defendants to continue to avoid responding to the crucial issue of whether

Rick Butler sexually abused women as alleged in the Complaint, and vehemently opposes any stay of discovery.

**B.     Outstanding document subpoenas to third parties.**

On May 3, 2019, Plaintiff issued a subpoena to four (4) third-party entities requesting documents and information needed to complete oral discovery: USA Volleyball ("USAV"), Amateur Athletic Union ("AAU"), Junior Volleyball Association ("JVA"), and an online discussion forum about volleyball called VolleyTalk. Plaintiff's counsel has met and conferred with counsel from USAV and JVA regarding their responses, and will be receiving rolling production over the course of the next month. Plaintiff anticipates USAV will complete their production by late-June 2019, but is still awaiting confirmation from JVA's counsel regarding their timeline. AAU's subpoena response is due on May 31, 2019. Plaintiff received production from VolleyTalk late last week.

Plaintiff had also previously subpoenaed and received production from third party Theodore Polygraph Services, Inc. regarding lie detector tests taken by Rick and Cheryl Butler.

**C.     Depositions.**

Plaintiff has served Defendants with deposition notices for the following witnesses: Defendants' Rule 30(b)(6) witness (noticed for June 26, 2019), GLV Girls Recruiting Coordinator Erik Vogt (noticed for July 10, 2019), GLV Vice President of Operations and Sports Performance Boys Director Troy Gilb (noticed for July 17, 2019), Defendant Cheryl Butler (noticed for July 22, 2019), and Defendant Ricky Butler (noticed for July 23, 2019). Plaintiff's need to depose additional individuals will depend on forthcoming discovery responses from Defendants and third parties.

**III.** **Defendants' Discovery Plan.**

    **A.** **Motion to Stay Discovery Pending Resolution of Defendants' Motion for Summary Judgment on All Claims**

On May 28, 2019, Defendants filed a Motion for Summary Judgment on All Claims and a Motion to Stay Discovery Pending Resolution of Defendants' Motion for Summary Judgment. None of the information sought by Plaintiff in discovery is relevant to the determination of Defendants' Motion for Summary Judgment. To conduct discovery based on alleged acts from approximately 40 years ago is time-consuming, financially burdensome, and irrelevant to the arguments set forth in Defendants' Motion for Summary Judgment, which only concerns matters within the personal knowledge of Laura Mullen, such as whether she suffered an injury, actual damages, and whether she was deceived. Defendants' argument is more thoroughly set forth in their Motion to Stay. (Dkt. 148)

    **B.** **Response to Plaintiff's Discovery Plan.**

Defendants' nearly 30-page Motion for Summary Judgment was filed after Defendants finally received Mullen's substantive responses to written discovery, which made it clear to Defendants that judgment in their favor was warranted as a matter of law. Butler did, in fact, state in his Supplemental Responses to Interrogatory No. 1 that there were no other instances with any other women, specifically stating, "Notwithstanding the aforementioned objections, there are no such instances besides the following…" Defendants have answered written discovery and produced documents related to the allegations of the women named in the Complaint. Despite Defendants repeatedly asking Plaintiff to identify Jane Doe and the unnamed sixth woman referenced in her Complaint, Plaintiff has refused to do so, even when Defendants' Interrogatories explicitly requested the information.

4

### C. Outstanding written discovery to Plaintiff.

On March 18, 2019, Defendants issued Defendants' First Set of Interrogatories to Plaintiff, Defendants' First Set of Requests for Admission to Plaintiff, and Defendants' First Set of Requests for Production of Documents to Plaintiff. Plaintiff provided partial answers to Defendants' written discovery on April 17, 2019, refusing to answer 20 Interrogatories and withholding substantial documents pending the Court's entry of a Confidentiality Order. On May 14, 2019, Plaintiff provided Plaintiff's First Supplemental Answers to Interrogatories and Plaintiff's Second Set of Document Production, both of which remain largely deficient and will require additional meet and confers if Defendants' Motion to Stay is not granted.

### D. Depositions.

If the Defendants' Motion to Stay is not granted, Defendants will require the depositions of each person referenced in Plaintiff's Complaint: (1) Plaintiff, Laura Mullen, (2) Sarah Powers-Barnhard, (3) Christine Tuzi, (4) Julie Romias, (5) Beth Rose, (6) Jane Doe, (7) the sixth woman Plaintiff has not identified, (8) Kay Rogness, and (9) Emily Swanson. Additionally, depending, in part, on the testimony of the above-listed witnesses, Defendants anticipate that they will require the depositions of (10) Class Members who were part of Mullen's daughter's teams, (11) Fusion Volleyball Club parents who were part of Mullen's daughter's teams, and (12) Nancy Hogshead Makar. On information and belief, the witnesses listed in (2), (4), (5), (8), (9), and (12) live out-of-state.

\* \* \*

        Respectfully submitted,

        **LAURA MULLEN,** individually and on behalf of the class of similarly situated individuals,

Dated: May 29, 2019        By: /s/ Sydney M. Janzen
           One of Plaintiff's Attorneys

        Jay Edelson
        jedelson@edelson.com
        Eve-Lynn J. Rapp
        erapp@edelson.com
        Christopher L. Dore
        cdore@edelson.com
        Alfred K. Murray II
        amurray@edelson.com
        Sydney M. Janzen
        sjanzen@edelson.com
        EDELSON PC
        350 North LaSalle Street, 14th Floor
        Chicago, Illinois 60654
        Tel: 312.589.6370
        Fax: 312.589.6378

        **GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, RICKY BUTLER,** and **CHERYL BUTLER**,

Dated: May 29, 2019        By: /s/ Danielle D'Ambrose
           One of Defendants' Attorneys

        Danielle D'Ambrose
        D'AMBROSE P.C.
        500 North Michigan Ave. Suite 600
        Chicago, Illinois 60611
        (312) 396-4121
        Danielle@DambrosePC.com

## **SIGNATURE ATTESTATION**

Pursuant to Section IX(C)(2) of the General Order on Electronic Case Filing, I hereby attest that the content of this document is acceptable to all persons whose signatures are indicated by a conformed signature (s/) within this e-filed document.

/s/ Sydney M. Janzen

## **CERTIFICATE OF SERVICE**

I, Sydney M. Janzen, an attorney, hereby certify that on May 29, 2019, I caused to be served the above and foregoing ***Joint Status Report*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Sydney M. Janzen