IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GLV, INC., d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, an Illinois corporation, RICKY BUTLER, an individual, and CHERYL BUTLER, an individual,<br><br>*Defendants.* | Case No. 18-cv-1465<br><br>Honorable Matthew F. Kennelly |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 56(d)**

Defendants, GLV, Inc. d/b/a Sports Performance Volleyball Club and Great Lakes Center ("GLV"), Rick Butler ("Rick"), and Cheryl Butler ("Cheryl") respectfully submit this Response in Opposition to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(d). In support of this Motion, Defendants state as follows:

1. On June 20, 2019, Plaintiff filed a Motion Pursuant to Fed. R. Civ. P. 56(d) arguing, without sufficient factual support, that Defendants' Motion for Summary Judgment should be denied outright because it introduces "new" facts (facts which are, notably, within the knowledge of Plaintiff Laura Mullen) related to Mullen's individual claims. This argument is without legal merit and factual support, and Plaintiff's request should be denied.

2. Plaintiff argues that if the Court does not deny the Motion for Summary Judgment outright, then the Court should defer Defendants' motion to allow time for Plaintiff to propound and complete the discovery described in the accompanying Rule 56(d) affidavit.

3. Rule 56(d) states, "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

4. Rather, Plaintiff submitted a fifteen-page Declaration of Jay Edelson in support of her Motion Pursuant to Fed. R. Civ. P. 56(d), requesting various discovery which is unrelated to Defendants' Motion for Summary Judgment and which is largely within Plaintiff's own knowledge and experience.

5. Defendants' Motion for Summary Judgment rests on two primary arguments: (1) Laura Mullen and the Class did not suffer a legally sufficient injury, and (2) Laura Mullen was not deceived. Plaintiff conspicuously fails to provide any argument or connection between the discovery she seeks and the arguments set forth in Defendants' Motion for Summary Judgment.

6. A party invoking the protections of Rule 56(d) "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). Plaintiff fails to provide the reasons why she cannot respond to the summary judgment motion, which focuses on her personal claims. Plaintiff instead attempts to differentiate her claims with those of the class in order to justify irrelevant discovery requests which would only serve to unnecessarily prolong the Court's determination of Defendants' Motion for Summary Judgment.

7. Plaintiff's Motion and the attached Declaration from Jay Edelson fail to explain how Plaintiff is unable to present facts to oppose Defendants' summary judgment motion which is based on matters within Laura Mullen's personal knowledge. In support of her Motion, Plaintiff

is required to submit an affidavit which demonstrates "how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Korf v. Ball State University*, 726 F.2d 1222, 1230 (7th Cir. 1984) (quoting *Lamb's Patio Theatre v. Univ. Film Exchanges*, 582 F.2d 1068, 1071 (7th Cir. 1978)).

8. The Seventh Circuit "has noted that the party seeking further time to respond to a summary judgment motion must give an adequate explanation to the court of the reasons why the extension is necessary." *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir.1996). Because Plaintiff has failed to provide an adequate explanation to justify her requests for additional discovery, which are irrelevant to the arguments set forth in Defendants' Motion for Summary Judgment, her requests should be denied.

**Written Discovery Related to Plaintiff's Injury and Actual Damages**

9. In Defendants' Motion for Summary Judgment, Defendants argue that Plaintiff has not alleged a sufficient injury to give rise to her request for relief. Mullen claims that she was injured because she "subjected her daughters to their potentially dangerous volleyball programs and paid substantial money in the process" (Dkt. 57, p. 25), however, Defendants argue that simply suing to receive her money back does not create an injury in fact where none exists. (Dkt. 144, p. 3) (citing *Koronthaly v. L'Oreal USA, Inc.*, 374 Fed.Appx. 257, 258 (3d Cir. 2010)).

10. Plaintiff's Rule 56(d) Motion seeks discovery which is irrelevant to the argument made by the Defendants in the Motion for Summary Judgment, such as:

(i) All costs incurred by a Class Member for participating in Defendants' volleyball program during the Class Period. Mullen is required to prove her injury and damages, and the costs incurred by a Class Member is not relevant to whether Mullen has suffered a legally sufficient injury to bring her claims;

(ii) Any changes in pricing at Defendants' facility, any valuations of GLV, Inc. performed, any decline in membership at GLV, any decline in scholarships to Class Members, any decline in volleyball tournament participation by competitor clubs, or

3

statements made to Defendants by colleges or professional volleyball associates about the allegations of sexual abuse. None of this information is relevant to whether Laura Mullen has suffered a legally sufficient injury.

(iii) Defendants' knowledge that the reputation of Sports Performance has been diminished as a result of the allegations of sexual abuse against Rick Butler. This information is not relevant to whether Laura Mullen has suffered a legally sufficient injury.

11. Plaintiff has not alleged that she received less than the value for which she bargained. (Dkt. 144, Exhibit B, No. 4) Rather, Mullen simply claims that she would not have paid the fees had she been informed of certain information. *Id.* Defendants argue that Mullen has not suffered a legally sufficient injury, because she received the benefit of the bargain.

12. In support of their Motion for Summary Judgment, Defendants provided the Court with numerous emails which they contend support their argument that Mullen received the benefit of the bargain. (Dkt. 144, Group Exhibit K) The discovery requested by the Plaintiff is not relevant to the arguments made by the Defendants in their Motion for Summary Judgment and therefore should be denied.

**Written Discovery Related to Claims Based on Defendants' Alleged Deception or Omission**

13. Plaintiff filed this lawsuit alleging that she was deceived by the Defendants. Plaintiff is required to prove that deceptive statements were made to her and the circumstances under which those statements were made. *See Oliveira v. Amoco Oil Co*., 201 Ill.2d 134, 155 (Ill. 2002). Defendants argue that Mullen was aware of the information she claims was concealed from her when she brought her daughters to Sports Performance. (Dkt. 144, p. 12) No additional discovery is necessary will inform Laura Mullen of alleged misstatements upon which she brings her claims.

14. Defendants argue in their Motion for Summary Judgment that Laura Mullen posted on certain online message boards discussing details of the allegations in 2015, yet she returned to

Sports Performance for an additional two years after learning substantial details of the claims in her Complaint. *Id.*

15. Plaintiff's Rule 56(d) Motion seeks discovery which is irrelevant to the argument made by the Defendants in the Motion for Summary Judgment, such as:

(i) All instances where Defendants publicly discussed the allegations, which is irrelevant to whether Laura Mullen was aware of the information she claims Defendants fraudulently concealed from her and the Class;

(ii) Defendants' responses and denials to the allegations that Rick Butler sexually abused players in the 1980's from parents, players, media, or other entities, which is within the knowledge of Laura Mullen to the extent those denials relate to her claims;

(iii) All instances where Defendants provided, included, or attached documents concerning Rick Butler's sexual history with players to Defendants' informational and marketing materials, which was already answered in discovery;

(iv) Any acts of sexual abuse or sexual contact with Defendants' players not identified in the complaint or current answers to discovery, which was also previously answered in discovery.

16. For the reasons enumerated above, Plaintiff's request for additional discovery related to Defendants' alleged deception or omission should be denied.

**Written Discovery Related to Defendants' Alleged Unfair Business Practices**

17. Plaintiff has alleged that GLV's conduct violates public policy, that it is so oppressive as to leave her with little alternative except to submit to it, and that its conduct caused her to suffer an injury. (Dkt. 1, ¶ 221) Defendants argue in their Motion for Summary Judgment (p. 3) that Plaintiff's evidence of this claim "is woefully insufficient because Mullen's daughters played volleyball at Sports Performance Volleyball Club, Fusion Volleyball Club, and Sky High Volleyball Club (Def. SOF ¶ 25-26, Exhibit C, No. 14), undermining any notion that she was left with little alternative to participation in the Sports Performance program." (Dkt. 144, p. 3) (citing *Galvan v. Northwestern Memorial Hosp.*, 382 Ill.App.3d 259, 265 (1st Dist. 2008)).

18. Plaintiff's Rule 56(d) Motion seeks discovery which is irrelevant to the argument made by the Defendants in the Motion for Summary Judgment, such as:

(i) Defendants' statements to Plaintiff and Class Members regarding the allegations against Rick Butler, which is within Plaintiff's own knowledge;

(ii) Defendants' statements concerning the quality, type, and benefit of the services provided by competitors, which, if any such statements were made, would be within Plaintiff's own knowledge and are irrelevant to whether Laura Mullen had alternatives available to her;

(iii) Rates charged by competitors for similar services, which is not information known to Defendants and, instead, lies within Plaintiff's own knowledge, since she actually paid those competitors for their volleyball services;

(iv) Defendants' valuation of volleyball services if information about the allegations were included in marketing and informational materials provided to consumers, which is both speculative and irrelevant to the arguments in the Motion for Summary Judgment;

(v) Defendants' claims during the Class Period that players have opportunities for college scholarships and other unique volleyball teams such as the Olympics, which is within Plaintiff's knowledge and is not relevant to the arguments in Defendants' Motion for Summary Judgment; and

(vi) The frequency and manner in which Defendants raise the possibility of college scholarships with players and parents, which, again, is within Plaintiff's knowledge and is not relevant to the arguments in Defendants' Motion for Summary Judgment.

(Dkt. 154, Exhibit 1, p. 8)

19. None of the information sought by the Plaintiff is relevant to whether Laura Mullen had other options available to her and whether she utilized those options, therefore her request for additional discovery should be denied.

**Written Discovery Related to the Illinois Physical Fitness Services Act**

20. Plaintiff seeks written discovery as well as depositions to "determine eligibility for tryouts, invitations for tryouts, player selection in the program after tryouts, further evaluation of players, and selection for individual teams." (Dkt. 154, Exhibit 1, p. 4)

6

21. This information is relevant to the Defendants' argument that the Sports Performance program requires a try-out to be accepted into the program. However, Laura Mullen's children attended these try-outs for each year they participated in the program. Mullen is well aware of GLV's "process to determine eligibility for tryouts," which is simple: athletes under 18 years of age who seek to play volleyball at an elite level are eligible to attend a try-out.

22. Plaintiff's request for additional discovery regarding the Defendants' try-out process is simply an attempt to delay this Court from ruling on the Motion for Summary Judgment. Plaintiff requests additional discovery which is unrelated to the arguments made by Defendants in their Motion for Summary Judgment, such as:

(i) Player selection in the program after tryouts, further evaluation of players, and selection for individual teams, which is irrelevant to the arguments in Defendants' Motion for Summary Judgment and to the extent that it may be relevant, is within the knowledge of the Plaintiff;

(ii) Defendants' profits from the contracts with Plaintiff and the Class during the Class Period;

(iii) Defendants' use of their facilities for all camps, tournaments, academies, leagues, clinics, lessons, programs, workshops, non-Sports Performance players and teams;

(iv) GLV, Inc.'s annual reports filed with the Illinois Secretary of State;

(v) Representations made to governmental authorities concerning GLV's volleyball facility in conjunction with an application for building zoning variances, tax exemptions, or related items.

(Dkt. 154, Exhibit 1, p. 5)

23. Plaintiff has failed to connect the above requested discovery to the arguments set forth in Defendants' Motion for Summary Judgment. In fact, the above discovery is unrelated to the arguments in Defendants' Motion for Summary Judgment, and Mullen's request is merely an attempt to prolong the discovery process.

**Declarations Submitted in Support of Defendants' Motion for Summary Judgment**

24. "A party seeking Rule 56(d)'s protection must make a good faith showing that it cannot respond to the movant's affidavits. *Kalis v. Colgate–Palmolive Co*., 231 F.3d 1049, 1058 n. 5 (7th Cir. 2000). This requires an affidavit from the nonmovant identifying the material facts that it anticipates discovering. *See Grundstat v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance).

25. Plaintiff claims that "Defendants' summary judgment motion relies on Declarations from six (6) individuals: Rick Butler (dkt. 144-15); Cheryl Butler (dkt. 144-16); Troy Gilb (dkt. 144-21); Erik Vogt (dkt. 144-22); Luke Stapleton (dkt. 144-23); and Claudine Dale (dkt. 144-24)." (Dkt. 154, Exhibit 1, p. 3) However, four of those Declarations consist of three paragraphs and were submitted to authenticate the emails attached as exhibits to Defendants' Motion for Summary Judgment.

26. The Declarations of Rick and Cheryl Butler reference certain meetings which have taken place regarding the allegations, which were referenced in certain emails sent to class members. (Dkt. 144, Exhibit N, Exhibit O) Plaintiff seeks depositions and written discovery regarding the meetings. However, what took place at those meetings is not relevant to the argument made by Defendants in their Motion for Summary Judgment that Rick and Cheryl publicly acknowledged the allegations, so they cannot have also been concealing them. (Dkt. 144, p. 23)

27. Specifically, the Motion for Summary Judgment states, "Rick and Cheryl Butler have held meetings and sent several emails to the Sports Performance parents throughout the class period, where they discussed the allegations and related events. It would be impossible for

Defendants, at that same time, to conceal information which they were publicly acknowledging to those whom Plaintiff claims were unaware." *Id.*

28. Plaintiff does not appear to contest that the emails were, in fact, sent to class members, and Plaintiff has not established how further discovery on the meetings is necessary to respond to Defendants' contention that they did not intend to conceal information which they acknowledged to members of the class.

29. The remaining information Plaintiff seeks in the form of written discovery and depositions is the role of Rick and Cheryl Butler in the Sports Performance program and try-out process, which is not information necessary to formulate a defense to Defendants' Motion for Summary Judgment.

30. For the same reasons discussed above, Plaintiff's unnecessary request to conduct depositions of the GLV employees who provided Declarations authenticating their emails should be denied.

31. "The decision to cut off discovery is committed to the management skills of the district court." *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011).

32. Plaintiff's Motion Pursuant to Rule 56(d) is insufficient, as it fails to establish why the Plaintiff requires such extensive discovery, particularly after 14 months of discovery has already been completed in this matter and Defendants' Motion for Summary Judgment is based upon facts squarely within Laura Mullen's knowledge.

33. However, in the event that this Court does deem any of Plaintiff's discovery requests to be necessary and reasonable, Defendants request that the discovery be limited to written discovery.

WHEREFORE, Defendants respectfully request that this Court enter an Order denying Plaintiff's Motion Pursuant to Rule 56(d) in full and providing such other and further relief as the Court deems reasonable and just.

Date: July 1, 2019

                                           Respectfully Submitted,
                                           GLV, INC., RICK BUTLER, and
                                           CHERYL BUTLER

                                   By: */s/ Danielle D'Ambrose*
                                           One of Their Attorneys

Danielle D'Ambrose
D'AMBROSE P.C.
500 North Michigan Avenue, Suite 600
Chicago, IL 60611
P: (312) 396-4121 | F: (312) 574-0924
Danielle@DambrosePC.com
ARDC No. 6323782

*Attorney for Defendants*

**CERTIFICATE OF DELIVERY**

The undersigned, an attorney, certifies that pursuant to Section X (E) of the General Order on Electronic Case Filing for the Northern District of Illinois, service of the above and foregoing document on all attorneys of record was accomplished through the Court's Electronic Notice for Registrants on July 1, 2019.

<i>/s/ Danielle D'Ambrose</i>