IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18 C 1465 ) |
| GLV, INC., RICK BUTLER, and CHERYL BUTLER, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On March 13, 2020, the Court largely granted the motion for summary judgment filed by defendants GLV, Inc., Rick Butler, and Cheryl Butler and also granted a motion for sanctions filed by plaintiff Laura Mullen (as class representative) against the defendants and their attorney. *See Mullen v. GLV, Inc.*, 444 F. Supp. 3d 883 (N.D. Ill. 2020) (summary judgment ruling); *Mullen v. GLV, Inc.*, 334 F.R.D. 656 (N.D. Ill. 2020) (sanctions). The defendants have moved to amend or correct certain statements in the summary judgment decision, and they have moved for reconsideration of the sanctions decision. For the reasons stated below, the Court denies the second motion and also denies the first motion, except for two revisions of the summary judgment decision to clarify or correct it**.**

This suit was filed by Laura Mullen against GLV, Inc. and its owners Rick and Cheryl Butler in February 2018. The defendants operate a volleyball club that offers training programs and camps for youth athletes. Mullen alleged that the defendants

fraudulently concealed and misrepresented what they contended was Rick Butler's history of sexually abusing girls he coached in the 1980s. The Court certified a plaintiff class in January 2019.

**1. Defendants' motion to amend/correct summary judgment decision**

The defendants filed a motion for summary judgment before the conclusion of discovery. They argued (among other things) that Mullen lacked standing because she had suffered no injury; the class had identified no actionable misrepresentations; the class could not show justifiable reliance on any claimed suppression of Butler's claimed history of sexual abuse; and the class could not show it had actually been deceived by any claimed deception.

At the same time, the defendants moved to stay discovery pending resolution of the motion for summary judgment. At that point, the plaintiff class was seeking, among other things, discovery of the Butlers and GLV regarding the issue of sexual abuse by Rick Butler. The defendants' motion to stay was largely directed at putting a halt to this discovery. The defendants argued that the class did not need this discovery to respond to the motion for summary judgment, and they asked the Court to stay discovery until after it ruled on that motion. The defendants included the following point in their motion to stay, which the Court quotes verbatim:

> The allegations of sexual abuse against Rick Butler have been the subject of multiple investigations and proceedings such as, for example, (1) the 1995 D.C.F.S. investigation, findings, and subsequent hearing on appeal, (2) the 1995 USA Volleyball investigation, hearing, and ban; (3) the appeal filed by Rick Butler concerning the 1995 USA Volleyball ban; (4) the 2017 lawsuit filed by Rick Butler against USA Volleyball and each motion, order, and correspondence related to the suit; (5) the 2016 USAV complaint, and four amended complaints with material modifications, and investigation of Rick Butler and the near year long process to attempt to get it to hearing; (6) the 2017 USAV ban which was related to the lawsuit filed by Rick

> Butler against USAV; (7) the 2018 USAV hearing and ban; (8) the AAU investigation and subsequent ban; (9) the investigation done by the DuPage County Probation Department in 1994-1995 related to the adoption of Rick and Cheryl's son; (10) the DuPage County Adoption Court proceedings, which included, inter alia, a full review of the USAV hearing and findings; (11) the investigation and findings of the Guardian ad Litem appointed in the 1994-1995 Adoption proceedings; (12) the correspondence, gifts, and photographs related to Rick Butler's relationships with the alleged victims; (13) the 2016 lawsuit filed by Sarah Powers-Barnhard against AAU for its failure to ban Rick Butler. This is merely an overview of the type of information to be reviewed by Defense counsel, as Rick Butler has been subject to scrutiny for 25 years.

Defs.' Mot. to Stay Discovery (dkt. 148) ¶ 7. The Court granted the defendants' motion, an order that had the effect of precluding the plaintiffs from conducting discovery of Rick Butler and the other defendants regarding the issue of sexual abuse.

The Court ruled on the defendants' summary judgment motion in March 2020. In summary, the Court concluded that Mullen had standing to sue for damages on all of her fraud-based claims but not on count 2 of the complaint, a claim under an Illinois statute (on which, the Court said, the class could attempt to substitute a different representative) and that she had standing to represent the class on injunctive relief claims. The Court granted defendants' motion for summary judgment on the class's common law claim for fraudulent misrepresentation (count 4 of the complaint), first limiting the claim to the alleged misrepresentation that GLV had an "extremely qualified staff" and then concluding that the class could not show that the defendants did not believe this representation to be untrue. The Court granted summary judgment on the class's common law claim for fraudulent concealment (count 5), concluding that the class could not show that class members justifiably relied on the defendants' alleged suppression of Rick Butler's claimed history of sexual abuse. This conclusion—which is the primary subject of the defendants' motion to amend or correct the Court's decision—

3

was based on evidence demonstrating that a wide range of "information about Rick's history of sexual abuse was available in the public domain" prior to the period covered by the class's claims. *Mullen*, 444 F. Supp. 3d at 897-98. The Court also granted summary judgment on Mullen's individual consumer fraud claim (count 3), finding that she could not show she had been deceived, as well as on one state statutory claim by the class (count 1), on the same basis on which it had granted summary judgment on counts 4 and 5.

In their motion to amend or correct, defendants argue that the Court:

- inaccurately described USA Volleyball's findings of fact regarding Rick Butler;
- inaccurately described the Illinois Department of Children and Family Service's proceedings involving Rick Butler;
- should remove references to the DCFS administrative law judge's recommendation and opinion because they are inadmissible evidence; and
- should clarify the decision to make it clear that it has not found that the sexual abuse allegations against Rick Butler are true.

The Court starts with the last point. The summary judgment decision cannot be fairly read as making a decision regarding the accuracy of the sexual abuse claims about Butler. As indicated earlier, the defendants persuaded the Court to stay discovery by the plaintiffs regarding the sexual abuse claims. As a result, no arguments about the truth or falsity of the sexual abuse claims were advanced as a basis to grant or deny summary judgment. Thus the Court has not determined this issue one way or the other. There was no basis in the record for the Court to make a decision either way. Nor does the Court's decision indicate otherwise. That said, the Court will clarify the

4

decision by adding a paragraph to make it clear that the Court has made no findings either way on this point, and why.

Next, the Court overrules defendants' request to remove references to the DCFS ALJ's opinion. The Court notes that defendants *expressly relied* on the DCFS ALJ's opinion in successfully persuading the Court to stay discovery regarding the truth or falsity of the claims of sexual abuse regarding Rick Butler. And in moving for summary judgment, defendants *specifically relied upon* Mullen's awareness of "the DCFS investigation and findings," including a Facebook post about these matters, as showing her lack of an injury from the alleged deception, *and* in arguing that there was no actionable claim of deception because, among other things, a "basic internet search" would have revealed "numerous articles written about Rick Butler" that mentioned, among other things, "the DCFS investigation and findings of 'credible' evidence." Mem. in Support of Defs.' Mot. for Summ. J. [dkt. 153) at 11, 14-15. Having expressly relied upon this evidence in moving for summary judgment, the defendants cannot now viably contend the Court should not have referenced it in ruling on their motion. And in any event, the Court did not cite the DCFS ALJ's opinion for its truth, but rather to show that information about it was readily available to Mullen and the class, thus making reliance on alleged concealment of Rick Butler's claimed sexual abuse unjustifiable. The Court therefore declines to remove these references from its decision.

Defendants also ask the Court to change its characterization of the DCFS ALJ's ruling to remove any suggestion that the ruling adjudicated the truth or falsity of the sexual abuse claims about Butler, arguing that the ALJ's ruling was based on an unreasonably low evidentiary standard and that the purpose of the ruling was forward-

5

looking (to determine risk of harm to athletes going forward) rather than backward-looking.  The Court declines to do so.  Again, none of this is pertinent to the basis upon which the Court cited and relied upon the DCFS matte.  As is clear from the Court's decision, it referenced the DCFS ALJ's ruling to show that information about Rick Butler's claimed history of sexual misconduct was readily available at the time relevant to the claims of the class, thus making any contention of justifiable reliance non-viable.

Finally, defendants take issue with the Court's statement in its summary judgment decision that USA Volleyball "issued a decision concluding that Rick had sex with several youth volleyball players—between the ages of fifteen and seventeen— while he was there coach," *Mullen*, 444 F. Supp. 3d at 889, is not an accurate statement, because "[t]he findings of USAV involved three athletes aged *sixteen and seventeen*."  Defs.' Mot. and Mem. to Amend/Correct Background Facts (dkt. 188) at 3.  The misunderstanding here is largely on defendants' side, as the phrase "between fifteen and seventeen" does not, in plain English, include fifteen year olds.  The Court will nonetheless clarify its decision by noting at the appropriate place, consistent with defendants' motion and the USA Volleyball decision, *see id.*, Ex. A at 1, that in expelling Rick Butler for life, USA Volleyball found that Butler "had unprotected sexual intercourse" with two sixteen-year-old females and one seventeen-year-old female, while coaching them, starting in 1981, 1984, and 1987 respectively.

In sum, the Court denies defendants' motion except for the two amendments noted above.  An amended summary judgment decision will be issued shortly after the present order is entered.

6

**2.    Defendants' motion to reconsider sanctions decision**

The same day the Court issued its summary judgment decision, it issued a decision on the plaintiffs' motion for sanctions against the defendants and their counsel for improperly interfering with the class notice process. The Court concluded that certain communications by the defendants with class members during the class notice period "were potentially coercive and therefore undermined the notice process set forth in Rule 23." *Mullen*, 334 F.R.D. at 663. The Court further found the interference was willful. *Id.* at 663-64. It imposed a monetary sanction upon the defendants consisting of an award of plaintiffs' reasonable attorney's fees and expenses in conducting discovery regarding the interference and in filing and briefing the motion for sanctions. The Court also imposed a civil sanction of $5,000 upon each defendant, payable to the Clerk.

With regard to the defendants' attorney Danielle D'Ambrose, the Court found that she had violated Model Rule of Professional Conduct 4.2 by directly communicating with a class member but declined to impose a monetary or other severe sanction because "it [was] unclear how Mullen or the class were prejudiced" by this misconduct. *Id.* at 665. For this violation, the Court reprimanded D'Ambrose. The Court also found that D'Ambrose had violated Model Rule of Professional Conduct 3.3 by making a misrepresentation to the Court and doing so knowingly—more specifically, with willful blindness. The Court again declined to impose a monetary sanction for reasons it explained (including counsel's relative lack of practice experience) and instead reprimanded counsel and directed her to complete, during her next continuing legal education cycle, twice the required amount of professional responsibility hours.

In seeking reconsideration, the defendants contend that the Court made

7

erroneous findings that led to granting the motion for sanctions. These contentions amount to rearguing points that the defendants made and the Court considered in ruling on the sanctions motion, and they also include some new points not previously made. The latter points are forfeited. The former may be a basis for appeal, but they are not an appropriate basis for reconsideration. *See, e.g., Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate form for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). The Court reaffirms its findings on the points argued by defendants.

      The defendants also argue that the fee award the Court imposed (which has not yet been reduced to a specific dollar amount) is excessive and should be vacated. They contend, among other things, that any discovery the plaintiffs conducted on the interference issue would have been conducted anyway. The Court found, however—and reaffirms now—that the discovery in question was a proximate result of the defendants' misconduct. The defendants' contentions to the contrary, as a basis for vacating the sanctions award, amount to rearguing the sanctions motion, which as stated earlier is not a viable basis for reconsideration. The defendants also contend that because plaintiffs could not prove an actual impact on the opt-out process, any fee award is by definition excessive. This, too, is a reargument of matters already considered and addressed by the Court and thus not a proper basis for reconsideration. That aside, in considering the appropriate sanction, the Court expressly took into account this point as well as "the gravity of the offense," *Mullen*, 334 F.R.D. at 664, and as a result declined to impose a more severe sanction.

With regard to the sanctions ruling concerning defense counsel, counsel argues that the Court's willful blindness finding was erroneous and that her communication with a class member was justified. This, again, amounts to an effort to reargue the motion and point out disagreement with the Court. As indicated earlier, this may be a proper basis for appeal, but it is not a proper basis for reconsideration. The Court reaffirms its findings on the points argued by counsel.

For these reasons, the Court denies the motion to reconsider.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to amend or correct its summary judgment decision [188] except in two respects noted in this decision and denies defendants' motion to reconsider its ruling on plaintiff's motion for sanctions [190]. The Court will shortly issue an amended summary judgment opinion.

Date: September 21, 2020

_____
MATTHEW F. KENNELLY
United States District Judge