IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18 C 1465 |
| GLV, INC.; RICKY BUTLER; and CHERYL BUTLER, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In March 2020, the Court granted summary judgment in favor of the defendants in this lawsuit—Ricky Butler, Cheryl Butler, and GLV, Inc. (collectively the Butlers)—but, on the same date, granted plaintiff Laura Mullen's motion to sanction the defendants and their attorney. *Mullen v. GLV, Inc.*, 444 F. Supp. 3d 883 (N.D. Ill. 2020) (summary judgment ruling), *amended*, 488 F. Supp. 3d 695 (N.D. Ill. 2020); *Mullen v. GLV, Inc.*, 334 F.R.D. 656 (N.D. Ill. 2020) (sanctions ruling). The sanctions ruling involved communications between the Butlers and members of the certified plaintiff class that the Court found to be improper. The Court imposed upon the Butlers a monetary sanction of $5,000 plus Mullen's reasonable attorney's fees and expenses relating to the motion for sanctions, in an amount to be determined later. *See id.* at 666. The Court did not impose a monetary sanction upon the Butlers' attorney, Danielle D'Ambrose, but instead reprimanded her in writing and directed her to complete extra professional responsibility education credits beyond what the state of Illinois requires. *See id.* at 666-67. Later,

after the court of appeals affirmed the underlying summary judgment grant in favor of the Butlers, *Mullen v. GLV, Inc.*, 37 F.4th 1326 (7th Cir. 2022), the Court set the fees-and-costs award against the Butlers at $20,998.10.  See *Mullen v. GLV, Inc.*, No. 18 C 1465, 2022 WL 4534789 (Sept. 28, 2022); *Mullen v. GLV, Inc.*, No. 18 C 1465, dkt. no. 234 (N.D. Ill. Oct. 13, 2022).  The Butlers then filed a notice of appeal from the sanctions award.  The matter was argued on appeal in late October 2023 and is awaiting a decision.

In June 2023, the Butlers filed a lawsuit in state court against Mullen and the law firm that represents her, Edelson PC, asserting claims of malicious prosecution and abuse of process.  The Butlers' state-court complaint includes the following allegations:

> 52.    Edelson PC engaged in an abusive litigation tactic called "litigation by sanction."  This "sanctions tort" was largely performed through discovery gamesmanship which exploited and abused judicial procedures to generate sanctions against the Butlers, GLV, and their attorneys.  Edelson PC consistently attempted to stoke the court's anger at the Butlers and their attorney, accusing them of intentionally obstructing justice and seeking broad sanctions.
>
> 53.    Edelson PC repeatedly accused the Butlers and their attorney of providing misinformation about the lawsuit to putative class members and asked the court to step in and prohibit the Butlers from talking to their customers about the case.  It quickly became clear that Edelson PC was seeking to prohibit the Butlers from saying anything to defend themselves against the bogus claims made by Mullen.  As a result, the Plaintiffs' first amendment right to speech was chilled as a result of Edelson PC's litigation misconduct.
>
> 54.    Edelson PC used this playbook to repeatedly attack the Butlers, GLV, and their attorney with false, misleading, and baseless accusations.  Edelson asked the district court to issue rulings which would prohibit the Butlers from defending themselves against the claims made in the lawsuit and interfere with the Butlers' ability to communicate with their customers.  The repeated filing of (and threats to file) sanctions motions, along with the increased cost of litigating those motions, impeded the Butlers' ability to defend themselves to their customers.

Pl.'s Mot. to Enjoin, Ex. A (state court complaint) ¶¶ 52-54.

Mullen has filed a motion seeking to enjoin the state court litigation to the extent it requires adjudicating whether the Butlers' communications with the members of the certified class were proper, and to the extent it requires adjudicating whether Mullen properly sought and obtained sanctions for that conduct. *See* Pl.'s Mot. to Enjoin at 9. Mullen contends that the sanctions decision by this Court is preclusive of further litigation in state court on the points addressed. The Butlers oppose Mullen's motion.

The first question concerns this Court's jurisdiction. The parties did not address this until after the Court questioned whether it had jurisdiction to consider Mullen's request *in this case* given that the case is no longer pending in district court. The Court concludes that it has jurisdiction to consider Mullen's motion. Even after a case has concluded, a federal court retains ancillary jurisdiction to take actions necessary and appropriate to enforce its judgment. *See, e.g., Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 552 (7th Cir. 2021); *Bryan v. BellSouth Comm'cns, Inc.*, 492 F.3d 231, 236 (4th Cir. 2007). *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (A federal court has ancillary jurisdiction "to manage its proceedings, *vindicate its authority*, and effectuate its decrees" (emphasis added)). The relevant "judgment" in this case is the sanctions award. That qualifies as a judgment; it was a final and appealable order. *See, e.g., Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir. 1992); *TMF Tool Co. v. Muller*, 913 F.2d 1185, 1188 (7th Cir. 1990).

On to the merits. The motion seeks a *permanent* injunction, but that does not seem appropriate at this point given the pendency of the Butlers' appeal from the sanctions decision. One possible outcome of the appeal is a finding by the Seventh

3

Circuit that the Butlers' actions were not inappropriate or were not sanctionable. If that happens, the Butlers might be able to assert the issue in state court. On November 3, 2023, the Court set the present matter for a telephonic hearing on December 21, a little over a week after briefing was due to be completed. The Court, having reviewed the parties' materials, intended to advise the parties at that hearing that for the reason just noted it intended to treat Mullen's motion as a motion for a preliminary injunction. The Butlers' counsel, despite being advised of the hearing, did not call in for it. The Court, after making efforts to reach out to the Butlers' counsel, went ahead with the telephonic hearing and advised Mullen's counsel—the only attorney who called in as ordered—of its intention. Mullen's counsel replied that he believed a request for a permanent injunction was still appropriate and that any such injunction could be modified later, if need be, in the event of a reversal by the Seventh Circuit on the sanctions appeal. The Court has taken Mullen's views into account but nonetheless has determined to treat the motion as one for a preliminary injunction for the reasons stated.

"For a preliminary injunction to issue, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *A.C. by M.D. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 766-67 (7th Cir. 2023) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). The Court proceeds to consider these points.

The All Writs Act, 28 U.S.C. § 1651(a), permits a federal court to issue injunctive relief "to protect and effectuate [its] own judgment[ ], so the winning parties will *not* be forced to litigate a defense of collateral estoppel (or seek mandamus orders) in every

4

subsequent forum in which they are harassed with the same legal claim until they cry 'Uncle!'" *Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289, 292 (7th Cir. 2019). Generally, the Anti-Injunction Act, 28 U.S.C. § 2283, bars a federal court from enjoining a state court proceeding. *See, e.g., Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986). But the statute expressly excepts, under the "relitigation exception," issuance of an injunction by a federal court "where necessary . . . to protect or effectuate its judgment[ ]." *Id.* at 521. This exception "is designed to implement well-recognized concepts of claim and issue preclusion." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (internal quotation marks omitted).

The preclusive effect of a federal court judgment is determined by federal law. *Taylor v. Stargell*, 551 U.S. 880, 891 (2008). In Illinois state court, a judgment that is on appeal is not given preclusive effect, but the opposite is true under federal common law. *See, e.g., Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 160 (7th Cir. 1995); *Prymer v. Ogden*, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994). *See also Old Republic Ins. Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998, 1000-01 (7th Cir. 1996). Issue preclusion bars a party from relitigating an issue that is the same as the one involved in the first case if the issue was actually litigated, its determination was essential to the judgment, and the party against whom preclusion is invoked was fully represented in the first case. *See, e.g., Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010).

Mullen has established a likelihood of success on each of these elements. First of all, the issues are the same. As indicated earlier, Mullen asks this Court to enjoin the state court suit to the extent it requires adjudicating whether the Butlers' communications with the class members were proper and whether Mullen properly

5

sought and obtained sanctions for that conduct. The Butlers have asserted those issues in the state court case; that much is clear from their complaint, quoted earlier. Those identical issues were involved in this Court's sanctions determination, and they were actually litigated: the Court ruled that the communications were improper, and it ruled that the Butlers and their lawyer should be sanctioned. The two points on which Mullen seeks preclusion—the propriety of the Butlers' communications, and the propriety of the sanction—were essential to this Court's sanctions judgment. The first was the core of the conduct this Court found sanctionable, and the second *was* the judgment. Finally, the Butlers were fully represented in this case: they were parties, and they had counsel. Thus the requirements for application of issue preclusion appear to be met.

Mullen argues, or at least appears to argue, that the sanctions award is infirm or should not get preclusive effect because the Court did not hold an evidentiary hearing. But neither the Butlers nor their counsel ever asked for one. Thus that point was, and is, forfeited. *See , e.g., Kapco Mfg. Co. v. C&O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1999). (The Court also notes that it does not appear that the Butlers have challenged the sanctions ruling in this basis on appeal.)

There is a sufficient showing of irreparable harm. The effect of an issue preclusion finding is to bar relitigation of an issue. Absent an injunction, Mullen may be required to fight the issue anew in state court. Her attorney's fees and expenses incurred in addressing the point are not likely to be recoverable even if Mullen ultimately wins; there is no readily apparent fee shifting statute or rule.

There is an argument that Mullen has an adequate remedy at law, specifically

6

raising the issue preclusion issue in state court. But finding this to be an adequate remedy at law would effectively write the relitigation exception out of section 2283, at least in this scenario. The Court is not persuaded that the law requires this.

The balance of harms favors Mullen, as there is no cognizable harm to the Butlers that arises from being precluded from relitigating a point they already had a full and fair chance to litigate in the first place. And the public interest favors issuance of an injunction to avoid the risk of inconsistent federal and state judgments. *See, e.g., Harris v. Kado*, 391 F. App'x 560, 564 (7th Cir. 2010).

## Conclusion

For the reasons described above, the Court grants plaintiff's motion for an injunction, having construed it as a motion for preliminary injunction. The Court hereby bars Ricky Butler and Cheryl Butler, pending a final decision on the merits by this Court, from asserting and litigating the following matters in state court: (1) whether their communications with the members of the certified class in Case No. 18-cv-1465 (N.D. Ill.) were proper, and (2) whether plaintiff Laura Mullen properly sought and obtained sanctions against the Butlers and their attorney for that conduct. The parties are directed to file a joint status report regarding the pending Seventh Circuit appeal and the state court litigation on the earlier of two dates: March 29, 2024, or 7 days after a ruling by the Seventh Circuit.

Date: January 14, 2024

_____
MATTHEW F. KENNELLY
United States District Judge