IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA MULLEN<br><br>*Plaintiff*,<br><br>v.<br><br>GLV, INC.; RICKY BUTLER; and CHERYL BUTLER,<br><br>*Defendants*. | Case No. 1:18-cv-1465 |

### PERMANENT INJUNCTION ORDER

This matter comes before the Court on Plaintiff Laura Mullen's motion to convert the preliminary injunction entered on January 14, 2024 to a permanent injunction. The Court finds that entry of a permanent injunction is appropriate because:

1. The defendants and those in privity with them cannot appropriately relitigate in state court matters determined in the present case, including matters determined in the sanctions orders.

2. Specifically, the requirements for the application of issue preclusion are met with respect to the issues of whether the defendants' communications with the class members were proper and whether Mullen properly sought and obtained sanctions for that conduct. Those identical issues were involved in this Court's sanctions determination, and they were actually litigated: the Court ruled that the communications were improper, and it ruled that the defendants and their lawyer should be sanctioned. These two issues were essential to this Court's sanctions judgment. The first was the core of the conduct this Court found sanctionable, and the second *was* the

1

judgment. Further, the defendants were fully represented in this case: they were parties, and they had counsel who briefed and argued the issues in this Court and the Seventh Circuit. *See Mullen v. Butler*, 91 F.4th 1243, 1251 (7th Cir. 2024) ("Notably, the district court relied on a statement in the Butlers' own brief to support its finding that the Butlers' communications with class members had significant coercive potential based on class members' business relationship with them. … In the end, the Butlers disagree with the district court's factual findings, but they fail to show an abuse of discretion.").

3. Mullen would suffer irreparable harm absent an injunction by having to relitigate the issues again in state court.

4. The defendants would suffer no cognizable harm from being precluded from relitigating issues they had a full and fair opportunity to litigate before this Court.

5. The public interest favors an injunction to avoid the risk of inconsistent federal and state court judgments.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

Defendants Ricky Butler, Cheryl Butler, and GLV, Inc. are permanently barred from asserting and from litigating the following matters in state court: (1) whether their communications with the members of the certified class in Case No. 18-cv-1465 (N.D. Ill.) were proper, and (2) whether Plaintiff Laura Mullen properly sought and obtained sanctions against them and their attorney for that conduct.

Date: 4/30/2024

_____
MATTHEW F. KENNELLY
United States District Judge